# CHARLESTON.

## STATE *v.* HUNTER.

Submitted June 4, 1904.  Decided October 25, 1904.

1.  JURY—*Instruction—Error—Verdict.*
    When a jury returned into court, and announced that it had agreed in a verdict, before it was read, the prisoner asked the court to instruct the jury that it could find him guilty of murder in the first degree, and further find that he be punished by confinement in the penitentiary for life; but the court refused to do so, because already during the trial, it had given that instruction. The refusal to repeat the instruction is not error. (p. 56).

Error to Circuit Court, Fayette County.

Ed. Hunter was convicted of murder and brings error.

*Affirmed.*

RYAN & RYAN and T. L. SWEENEY, for plaintiff in error.
ATTORNEY GENERAL and C. W. OSENTON, for the State.

BRANNON, JUDGE:

Ed. Hunter was sentenced by the criminal court of Fayette county to be hanged for the murder of John Bradicks by shooting him, and obtained a writ of error from this Court.

One error assigned by him is that the court refused an instruction that after finding the prisoner guilty of murder in the first degree the jury could further find that he be confined in the penitentiary for life. The instruction was asked after the jury had returned into court and announced that it had agreed in a verdict, but before it was read. The bill of exception states that the instruction was refused because the jury had already during the trial been instructed that they had a right to find the defendant guilty of murder in the first degree and to further find that he be confined in the penitentiary during the remainder of his life, and that it had been so stated to the jury by counsel several times during the trial. Instructions need not be repeated. *State* v. *Prater,* 52 W. Va. 132. Clearly the jury understood its powers as to this matter, and no injustice was done the accused.

Another assignment of error is, that a witness gave evidence of a declaration of the murdered man a minute or two after his shooting that Ed. Hunter shot him four times. There was no objection to this evidence, and no exception to it, and we need not consider the point; but in fact the declaration was properly given in evidence, for the reason, first, that it was a part of the *res gestae,* and second, Hunter was within hearing distance, and made no denial of that declaration. Third, there was much other evidence to prove Hunter the guilty agent. The evidence fully sustained the verdict. This Court cannot release Hunter from the terrible penalty of the gallows. The law, human and divine, says, "Ye shall take no satisfaction for the life of a murdered, which is guilty of death; but he shall surely be put to death." Hunter must repay Bradick's life with the loss of his own.

Judgment affirmed.                    *Affirmed.*