# CHARLESTON.

## STATE *v.* OTIS HAMMOND.

### Submitted March 18, 1924.  Decided March 25, 1924.

1. CRIMINAL LAW.—*Continuance Discretionary; Order on Motion for Continuance Not Disturbed Unless Clearly Erroneous.*

   A motion for continuance is always addressed to the sound discretion of the trial court, and its judgment thereon will not be reversed unless clearly erroneous. (p. 98).

2. SAME.—*Refusal to Quash Count in Indictment Not Prejudicial, Where Court Subsequently Directs Jury to Disregard it.*

   Where, after the evidence is submitted, the court directs the jury to disregard the second count in an indictment, and the verdict is returned on the first count only, it is clear that the overruling of defendant's motion to quash the second count did not prejudice defendant, and such action will not be considered as error upon review in this court. (p. 98).

3. ARREST.—*Arrest and Seizure of Contraband Instrumentalities Without Warrant Authorized, When Felony Committed in Presence of Officers.*

   Where a felony is committed in the presence of an officer, such officer may without a warrant arrest the felon and seize any contraband instrumentalities which he has seen used in the commission of the offense, and which are still plainly visible at the time and place of the arrest. (p. 98).

4. INTOXICATING LIQUORS.—*Those Actively Participating in Operating Moonshine Still Guilty as Principals.*

   Those who actively participate in operating a moonshine still by keeping up the fire, pouring water on the coils, and testing the liquor, are guilty not of aiding and abetting in the commission of the offense, but as principals. (p. 99).

5. CRIMINAL LAW.—*Omission of Cautionary Instructions as to Conviction on Evidence of Accomplices Not Erroneous, When Testimony Corroborated.*

   While it is true that in the trial of a criminal case the uncorroborated testimony of accomplices against the defendant is to be viewed with caution, and the jury should upon request be so instructed; it can not be said that the same principle applies when such testimony is corroborated by other

evidence and circumstances in the case, and in such case the omission of cautionary instruction is not error.  (p. 99).

6.  SAME.—*Refusal of Motion for Bail Pending Application for Writ of Error Not Proper Basis for Assignment of Error.*

    The refusal of the defendant's motion for bail, pending his application to this court for writ of error, is not a proper assignment of error in a review of the judgment against him. (p. 99).

McGINNIS, JUDGE, absent.

Error to Circuit Court, Randolph County.

Otis Hammond was convicted of unlawfully and feloniously owning, operating, maintaining, possessing, and having an interest in a moonshine still, and he brings error.

*Affirmed.*

*W. B. & E. L. Maxwell,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MEREDITH, PRESIDENT:

Defendant was indicted and convicted on the charge of unlawfully and feloniously owning, operating, maintaining, possessing and having an interest in a certain mechanism, apparatus and device for the manufacture of intoxicating liquors, commonly known as a "moonshine still", against the peace and dignity of the state. A second count in the indictment charged him with aiding and abetting in the operation and maintenance of the still, but the court directed the jury to disregard this count, and the verdict was on the first count only. Defendant's brief contains eleven assignments of error. We have considered them all, and will discuss those which we deem of sufficient merit to warrant a review in this opinion.

There is no doubt but that on the night of November 2, 1922, defendant was for several hours in the company of a number of persons who were operating a moonshine still. He admits that. A member of the Department of Public Safety learned of the still, and, disguised as a civilian, he and two others visited the operators of the still about 8:00 o'clock in the evening, waited two or three hours until the

liquor was run, and finally purchased a gallon, paying the money over to defendant, and returned to Elkins. A few hours later, the same officer returned with other officers to the house, found defendant and his companions still on the job, arrested them, seized the still, and later was instrumental in having all of the men in the party indicted as aforesaid. They elected to be tried separately.

Defendant has abandoned his first assignment of error, the alleged misjoinder of offenses. His second point, that the trial court erred in refusing to quash the second count of the indictment, can avail nothing now. The jury were directed to disregard it, and the verdict was on the first count only. Defendant could therefore not have been prejudiced. *State* v. *Hoke,* 76. W. Va. 36, 84 S. E. 1054.

It is claimed that the court improperly refused to grant a continuance of the case. That is a matter which is always addressed to the sound discretion of the trial court, and this court will not reverse the judgment except where the discretion is clearly abused. *State* v. *Padgett,* 93 W. Va. 623, 117 S. E. 493. There was no such abuse here. Defendant claims that two persons whom he had unsuccessfully tried to secure as witnesses could testify that he did not carry the still into the house where it was operated. The circumstances show plainly, however, that he could easily have done all that was charged by the state's witnesses relative to the carrying of the still into the house without the knowledge of the persons upon whose testimony he would rely. We think the court was clearly justified in overruling the motion.

Defendant claims it was not shown that the officers had a search warrant. There is no force in this argument. The officer who arrested defendant had seen defendant assisting in operating the still. A felony had been committed in the officer's presence and he had a right without a warrant to make the arrest and to seize the apparatus which he had seen defendant using. The search for and seizure of the mash in the nearby barn even though it were unlawful,—a question which we do not decide,—did not prejudice defendant· Rather did it substantiate his contention that not he, but the owners of the premises, were the sole owners and operators of the still. Defendant maintained throughout that he was present

in the house only upon the invitation of others, and that while he drank a little of the liquor, and acted as intermediary in handling the purchase money for the gallon of liquor sold the officer, he claims he had nothing to do with the still.

Another point assigned as error is that the court improperly directed the jury to disregard the second count in the indictment, the count which charged the defendant with aiding and abetting in the operation and maintenance of the still. We do not know why this was done, but it can easily be justified. If the evidence on behalf of the state proves anything, it proves that defendant assisted in keeping up the fire at the still, in keeping the coils cool, and in testing the liquor, in other words, that he with others participated in operating the still. If one is to be considered as merely aiding and abetting in the operation of a still simply because he does not run it single handed, convictions of the higher offense will be few indeed. We must presume that the trial court's action was prompted by the proper reason. It was therefore not error.

Defendant makes formal objections to the giving of state's instruction No. 1, and to the refusal of his own instructions Nos. 1, 2, 3, 4, 5, 6, 9, 10, 11 and 12, but addresses his argument only to the refusal of his instructions Nos. 10 and 12. His contention is that since Isaac Cowger, who testified for the state, was charged with the crime along with defendant, he was therefore an accomplice, and his evidence was to be viewed with great caution. His instructions Nos. 10 and 12 cover this proposition. Such a position can not be maintained in the case at bar. The principle which defendant seeks to apply relates to the necessity of cautionary instructions upon the *uncorroborated* evidence of accomplices. It could not be successfully argued for a moment that the testimony which defendant contends should be heard with caution is uncorroborated. It is supported in every material respect by other evidence in the case. The principle is fully discussed in a note appended to the case of *Rex* v. *Tate*, 15 Ann. Cas. 698, and neither there nor elsewhere do we find it laid down that it is necessary to instruct a jury to regard with caution testimony which is fully corroborated by other evidence. The

court was fully justified in refusing both instructions. One point of error relied on is the overruling of defendant's motion for bail pending his application to this court for writ of error. While we would not be reluctant to express ourselves on this matter in a proper proceeding, it is not a defense to the present judgment.

The evidence fully warrants the verdict and judgment, and as no prejudicial error has been pointed out, the case will be affirmed.

*Affirmed.*