# CHARLESTON.

### STATE *v.* BOOTH WARRICK.

### Submitted April 29, 1924.   Decided July 2, 1924.

1. CRIMINAL LAW—*Defendant, Not Seeking Correction, Cannot Complain of Instruction Inconsistent With State's Election, Where Evidence Tends to Support it.*

   Where, after the jury have been instructed that they shall find the defendant guilty as charged in the indictment if they believe from the evidence that the defendant had in his possession or had an interest in a moonshine still, and the

96 W. Va.

State is required to elect on which offense it will rely for conviction and does elect to rely on possession, no motion is made by defendant to withdraw or correct the instruction to make it comply with the offense relied on, defendant can not complain of such instruction after verdict rendered or on appeal, if there was any evidence tending to show that defendant claimed an interest in the still. (p. 723).

2. SAME—*Giving Written Instruction on Court's Motion Without Submission to Counsel Erroneous.*

Under the rule of practice prescribed in section 22 of chapter 131, Barnes' Code 1923, it is error for the trial court to give to the jury on its own motion an instruction in writing without first submitting the same to counsel. (p. 724).

3. SAME—*General Instruction as to Method of Arriving at Verdict, and as to Reasonable Doubt, Approved.*

An instruction in a criminal case to the effect that before the jury can find a verdict of guilty, each and every one of the jurors must be convinced by the evidence beyond a reasonable doubt that the accused is guilty of the offense charged; that it is the duty of every juror to consider all the evidence in the case, the instructions of the court, the argument of counsel, and the argument of his fellow jurymen but that no juror should [surrender his own opinion simply because the other jurors are of a different opinion; and that any juror entertaining a reasonable doubt should not join in a verdict of guilty, correctly states the law on the legal requirement of unanimity of the jury, and should be given on request, unless its subject is covered by some other instruction given in the case. (p. 724).

Error to Circuit Court, Marshall County.

Booth Warrick was convicted of the unlawful possession of a moonshine still, and he brings error.

*Reversed; new trial awarded.*

*Martin Brown* and *D. B. Evans,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The indictment on which defendant was tried and found guilty charged that he "did unlawfully and feloniously own, operate, maintain, possess and have an interest in a certain

apparatus, mechanism and device for the manufacture of intoxicating liquors, commonly known as a 'moonshine still', against the peace and dignity of the state.''

At the close of the trial, and after the instructions to the jury had been read by the trial judge, on motion of defendant, the State was required to elect on which offense alleged in the indictment it would rely for conviction— whether possession or not; and the prosecuting attorney elected to rely upon *possession* of a moonshine still.

By the State's first instruction the jury were told that if they believed from the evidence that the defendant had in his possession, or *had an interest in* an apparatus for the manufacture of intoxicating liquors, commonly known as a ''moonshine still'', as alleged in the indictment, they should find him guilty. It is insisted that in view of the State's election to rely on possession alone, this instruction was improper. Objection was made to this instruction at the time it was read to the jury; but it will be noted that no election to rely on possession alone had been made at that time, and no request had been made to require the State to elect. After election no motion was made to withdraw or correct the instruction, to make it comply with the election made by the State. At the time the instruction was read to the jury, there was some evidence tending to show that defendant claimed an interest in the copper coil. He testified that he had attempted to sell it to one Goff Burley, who refused to take it after it was found to be cracked and would not hold water. He admitted ownership of the boiler. Since no motion was made to correct the instruction after the State's election to rely on possession alone, we are of opinion that it is now too late to complain. Besides, the court's ruling on defendant's motion, and the State's election to rely on possession, were notice to the jury to consider only possession by defendant.

The action of the trial court in giving to the jury, on its own motion, a written instruction, without first submitting it to counsel for either party, is assigned as error. In view of our holding in *State* v. *Noble,* decided at this term, this action of the court constituted reversible error. In that case

we held: "Section 22 of chapter 131, Barnes Code 1923, re-quires that all instructions given to the jury by the trial court on its own motion must be in writing and first sub-mitted to counsel upon each side with opportunity to object thereto. This rule of practice prescribed by the legislature is mandatory; and it is error for the court to give to the jury on its own motion instructions in writing without first submitting the same to counsel." The point raised here is fully discussed in the opinion in that case.    See, also, *Henderson* v. *Kessel*, 93 W. Va. 60, 74, where the instruction given by the court on its own motion was oral, but was reduced to writing by the reporter.

It is argued by counsel for the State that the provision of said section 22, that "no objection shall lie to the action of the court upon any instruction if the law to which it re-lates shall have been correctly stated by the court in such charge" authorized the giving of the instruction in question. We think this provision applicable only to the provision immediately preceding it, which reads as follows: "In lieu of the giving of separate instructions as herein pro-vided the court may in writing instruct upon the law gov-erning the case, putting such instructions in the form of an orderly and connected charge, incorporating therein the sub-stance and as far as may be, the language of the instructions prayed upon either side or prepared by the court on its own motion, with correctly propounded law applicable to the case, which shall first be submitted to counsel upon each side with opportunity to object to any specific part thereof." Here the court gave to the jury certain specific instructions as prayed for by the State and the defendant, in addition to the one given on its own motion, and did not embody them in its own written charge as permitted by the provision last above quoted.

Several instructions offered by defendant were rejected by the court. With the exception of Nos. 20 and 21, these ap-pear to be covered by instructions given.    Instructions Nos. 20 and 21, as offered, would have told the jury that before they could find a verdict of guilty, each and every one of the jurors must be convinced by the evidence beyond a reason-able doubt that the accused was guilty as charged in the

indictment; and that it was the duty of every juror to consider all the evidence in the case, the instructions of the court, the argument of counsel, and the argument of his fellow jurymen; but that no juror should surrender his own opinion simply because the other jurors were of a different opinion; and that any juror entertaining a reasonable doubt should not join in a verdict of guilty. One of these instructions should have been given, upon the authority of *State* v. *Edgell,* 94 W. Va. 198, where it was held to be error to refuse a similar instruction offered by defendant.

The remaining assignment of error is the refusal of the court to admit certain evidence offered by defendant. Upon the trial of the case, the officers who searched defendant's premises and found the still testified that they found the worm and cap buried under a porch, about half a foot under the surface of the earth, each wrapped in a gunny sack and enclosed in a box, and that the two pieces were located three or three and a half feet apart. They also found a quantity of corn mixed with sweetened water, not fermenting, which defendant said was to make a non-intoxicating malt drink. One of the officers said that after the mash was found, defendant admitted to him that he had made distilled liquor, and that the still was under the porch, all of which defendant denied. This evidence was wholly at variance with defendant's testimony. He insisted that he found the worm and cap in an old deserted house on returning from a trip to a point in Pennsylvania, when walking across the country, and that he put them in a gunny sack, which he found near by, and brought them home and threw them on a stone wall, where they remained for some time. Later, he said, one Goff Burley offered to buy the copper worm or coil, but refused to take it when he found it would not hold water; and that he then threw the worm and cap under the porch, and saw no more of them until the officer brought them out. After the state introduced the testimony of the officers, defendant sent two men to look at the earth under the porch and offered to show by them that no digging had been done where the officers said they discovered the coil and cap. Objection was made to this evidence on the ground that two months had

elapsed between the time the officers said they found these articles and the time of the trial. We are of opinion that, together with all the attendant facts and circumstances, this evidence should have been admitted, for what the jury might determine it to be worth, as tending to corroborate the testimony of defendant. It might have tended to show that the earth under the porch was of such character that the witnesses could determine whether or not it had been disturbed about the time the officers testified they found the cap and coil. The weight to be given the testimony offered would have been for the jury. Whether or not defendant attempted to conceal these articles was a very material fact, bearing on the purpose for which he had them in his possession. All the evidence tending to show unlawful use of the so-called still was circumstantial. Besides the copper coil and cap, the latter being the lid of a common wash-boiler with a piece of iron gas or water pipe soldered to the top, to which the coil could be fitted, no other parts were found except a tin wash-boiler with a copper bottom, such as is used in heating water on a stove; and this boiler was found in a wash-house on the premises, where it was said defendant's wife had been using it in laundry work. There was no evidence that the coil and boiler top had been used for any purpose since the time defendant said he found them, except the testimony of the officer that defendant admitted to him he had made distilled liquor, and that the still was under the porch, which was denied by defendant.

Our conclusion is to reverse the judgment, set aside the verdict, and award the defendant a new trial.

*Reversed; new trial awarded.*