# CHARLESTON.

## STATE v. G. M. JOSEPH.

### (No. 5344.)

Submitted October 13, 1925.   Decided October 27, 1925.

1. INDICTMENT AND INFORMATION—*Indictment in Statutory Form, for Owning, Maintaining or Having Any Interest in Moonshine Still, Held Good on Demurrer.*

   An indictment for owning, operating, maintaining or having possession, or any interest in, any apparatus for manufacture of intoxicating liquors, commonly known as "moonshine still", or any device of like kind or character, in the form prescribed by section 37 of chapter 32-A, Code, is good on demurrer.   (p. 216.)

   (Indictments and Informations, 31 C. J. § 260.)

2. SAME—*Indictment for Owning Moonshine Still, Count Charging Accused With Aiding and Abetting in Operation of Such Still May be Joined.*

   A count charging the defendant with aiding and abetting in the operation of a "moonshine still" may be joined in the foregoing indictment, as the offenses are of the same general nature.   (p. 216.)

   (Indictments and Informations, 31 C. J. § 341.)

3. SAME—*Omission of Names of Witnesses, on Whose Evidence Indictment Was Found, From Foot Thereof Held Not to Vitiate it.*

   The statute directing the names of the witnesses, on whose evidence the indictment was found, to be written at the foot thereof, is directory, and the omission of such names does not vitiate the indictment.   (p. 216.)

   (Indictments and Informations, 31 C. J. 129.)

4. CRIMINAL LAW—INDICTMENT AND INFORMATION—*Refusal of Motion for Bill of Particulars Discretionary, and Ruling Not Disturbed Unless it is Clear Accused Was Prejudiced Thereby.*

Refusal to grant defendant's motion for a bill of particulars in a criminal case is within the sound discretion of the trial court, and the appellate court will not reverse for that reason unless it is clear that the defendant has been prejudiced thereby. (p. 216.)

(Criminal Law, 17 C. J. § 3575; Indictments and Informations, 31 C. J. § 308.)

5. INDICTMENT AND INFORMATION—*If Statute Enunciates Series of Acts, Either of Which Separately or All Together May Constitute Offense, All Such Acts May be Charged in Single Count; if Series of Acts, Which Separately or All Together May Constitute Offense, Are Charged in Single Count, Election Not Generally Necessary.*

Where a statute enunciates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense. In such case, the prosecution, as a general rule, will not be put to an election. (p. 219.)

(Indictments and Informations, 31 C. J. §§ 323, 358.)

6. CRIMINAL LAW—*On Evidence of Contents of Lost Search Warrant, Failing to Show That it Was in Legal Form and Properly Issued, Articles Taken Thereunder and Testimony of Officers Making Search Are Inadmissible.*

Where, in the prosecution of a criminal case, the state does not produce the search warrant under which certain incriminating evidence was secured, but offers evidence of its loss and contents, which fails to show that it was in legal form and issued and signed by proper authority, the articles taken thereunder and the testimony of the officers making such search are inadmissible against the defendant. (p. 216.)

(Criminal Law, 16 C. J. § 1110.)

7. SAME—*Instruction Relating to Unanimity of Verdict Should be Given in Criminal Case, if Requested, if Not Couched in Such Terms as Would Invite Jury to Disagree.*

An instruction relating to the unanimity of the jury verdict should be given in a criminal case, if requested, provided it is not couched in such terms as would invite the jury to disagree. (p. 221.)

(Criminal Law, 16 C. J. § 2462.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

G. M. Joseph was convicted of owning, operating, maintaining, possessing, and having an interest in a moonshine still, and he brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Charles T. Herd,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

G. M. Joseph, hereinafter referred to as the defendant, was indicted at the April term, 1924, of the circuit court of Monongalia county under two counts: (1) for owning, operating, maintaining, possessing and having an interest in a "moonshine" still, and (2) for aiding and abetting in the operation and maintenance thereof. At the trial the state elected to try on the first count of the indictment. The jury returned a verdict of guilty as charged in said count, and thereupon the defendant was adjudged to pay a fine and sentenced to imprisonment in the penitentiary. He brings the case here on writ of error.

The sheriff of Monongalia county, together with two deputies, according to their testimony, armed with a search and seizure warrant issued by a justice of the peace, upon the search of defendant's premises, found a "moonshine" still and a quantity of "moonshine" liquors, as well as several empty barrels that had had mash in them, in the garage and another outbuilding. At the time the officers went to the home, the defendant was absent, but, on informing the wife of the object of their visit, and that they had a search warrant, she requested that she be permitted to communicate with her husband who was at his office in the city near by. This request was granted. After she had talked with her husband over the telephone, out of hearing of the officers, she returned and informed them that her husband would be there in five minutes, and asked them to await his return. The officers very

considerately waited for about forty minutes but he did not appear, and thereupon the search was made of the house and premises of the defendant with the above result. The still and moonshine liquor and other incriminating testimony were offered in evidence by the state at the trial. The defendant introduced evidence to support his claim that the apparatus had been planted on his premises by another without his authority.

The sufficiency of the indictment is challenged. This objection goes to the form, joinder of offenses, and the failure to note thereon the names of witnesses on whose testimony the indictment was found. The indictment is in the prescribed statutory form and in the language of the statute. Code, chap. 32-A, sec. 37; *State* v. *Miller,* 89 W. Va. 85. It is sufficient. The two offenses joined in separate counts are of the same general nature. This meets the requirements of the decisions on that point. *State* v. *Miller, supra; State* v. *Calhoun,* 67 W. Va. 666; *State* v. *Jarrell,* 76 W. Va. 263; *State* v. *Shelton,* 78 W. Va. 1; *State* v. *Larue,* 98 W. Va. 677. The last contention is without merit. The statute directing the names of the witnesses on which the indictment was found to be written at the foot thereof is directory, and the omission to do so does not vitiate the indictment. *State* v. *Enoch,* 26 W. Va. 253; *State* v. *Shores,* 31 W. Va. 491. The demurrer to the indictment was therefore properly overruled.

Did the court err in refusing to require the state to furnish a bill of particulars as requested by the defendant? We think not. Whether or not to require the state to furnish such bill of particulars is addressed to the sound discretion of the trial court. *State* v. *Counts,* 90 W. Va. 338. The record does not show any abuse of that discretion.

The next six exceptions relate to the admission of evidence obtained by the officers under an alleged search and seizure warrant. All three officers who made the search testified that such search was made under a warrant, and that it was in the possession of Officer Core. It was not produced at the trial. The officers testified that it had never been returned to the office of the justice, and was mislaid in some way in the of-

fice of the sheriff, and could not be found. Its loss being shown its contents and validity may be established by satisfactory evidence. *State* v. *Neal*, 96 W. Va. 456. Did the state bear the burden cast upon it? In the last mentioned case the court held: "Where in the prosecution of a criminal case the state does not produce a search warrant under which certain incriminating evidence was secured, but by undisputed proof explains the loss thereof, and shows that it was in proper form to authorize the search of the defendant's premises, the articles seized and the testimony of the officers making such search are properly admissible against the defendant." In that case the justice who issued the warrant testified with clarity and precision as to the contents of the warrant. To illustrate the character of the warrant used, he introduced with his evidence a printed form of warrant and testified that it was the same form of warrant as was issued in that case. In the instant case, an attempt was made to show by the testimony of the officers the issuance and contents of the warrant under which the evidence, objected to here, was procured. It is vitally necessary to the validity of such warrant that it has been issued upon probable cause supported by oath or affirmation, particularly describing the place to be searched, and the person or *thing* to be seized. If the warrant be not so issued, and does not show these necessary particulars it is void, and the search and seizure thereunder are violative of Section 6, Article 3, Constitution of West Virginia, and the evidence so acquired shall not be used for any purpose. *State* v. *Wills*, 91 W. Va. 659. Under our statutes search warrants may be issued not only for liquors (Chap. 32-A, Code), but for personal property stolen, embezzled or obtained by false pretenses, counterfeit coin, gaming apparatus, etc. Chap. 155, Code. There was an entire absence here of testimony as to the thing for which the property was to be searched. Also there was an apparent conflict in the testimony of the officers as to who issued the warrant. All three stated that it was obtained at the office of Squire Posten, but the sheriff's testimony on direct examination on this point is as follows: "Q. Where did you get that warrant? A. At Squire Posten's office. Q. Who signed that warrant? A. I did." Of-

ficer Core likewise testified that "the sheriff himself" signed the warrant. Whether these were inadvertent expressions we do not know, but they stand unexplained on the face of the record. Squire Posten was not called, nor was his absence as a witness accounted for. Why? We do not hold, however, that the testimony of the justice is indispensible. If the issuance and contents of the paper can be supplied with reasonable certainty by other evidence, it will suffice. The proof here wholly failed to establish that the warrant was issued under the proper authority, or what articles were to be seized thereunder. These omissions would impeach the validity of the instrument.

The evidence admitted under the warrant was most damaging. The question before us is the admissibility of the damaging evidence. This Court, in *State* v. *Slat,* 98 W. Va. 448, said: "If, when a search warrant and affidavit * * * are not produced, it can be presumed that there is a valid search warrant, there would be little necessity in preserving such papers; all that would be necessary for the officers to say in justification of their search would be that they had a search warrant issued by a justice of the peace. Such holding would be an open door for all kinds of abuses, and the constitutional guaranty would be of little practical value in the protection of the home and person from unreasonable searches and seizures." As an aid to law enforcement the right of search is a most salutary one. The state, however, prescribes the method by which this right may be asserted. The right of the citizen to occupy his home, be it palace or hovel, free from unreasonable search, has for centuries been protected with the most solicitous care by every court in the English speaking world, from Magna Charta down to the present, and is embodied in every bill of rights defining the limits of governmental power in our own Republic. The Supreme Court of the United States in the case of *Agnello* v. *United States,* 46 S. Ct. 4, 70 Law Ed. —, decided October 12, 1925, said: "The search of a private dwelling without a warrant is in itself unreasonable and abhorrent to our laws." The search of automobiles, ships, motor boats and wagons without a warrant under the prohibition law had been sustained, the court said,

"because the vehicle could be moved quickly out of the jurisdiction of the court or authority issuing the warrant, but this is not true of a dwelling." A right thus carefully guarded by the statute as well as by the common law is not to be lightly disregarded. The courts must see that the reasonable requirements of the statute are substantially met in using this invaluable means of procuring evidence. On the record before us the state failed to bring itself within the rule provided in our case of *State* v. *Neal, supra,* in the establishment of the contents of the lost search warrant, under which the incriminating evidence was taken and later offered in evidence on the trial against the defendant. We are compelled to hold on this state of the record that such evidence was inadmissible, and that the admission thereof constituted reversible error. *State* v. *White,* 81 W. Va. 516, and cases therein cited.

Another point raised is that the Court at the conclusion of the evidence should have required the state, on defendant's motion, to elect upon which charge she would stand for conviction. The rule is stated in Joyce on Indictments (2nd Ed), section 575, that, if two or more offenses form part of one transaction, and are of such a nature that the defendant may be guilty of both or all, the prosecution will not be put to an election. So in a case in New York it is decided that, where an offense may be committed by doing any one of several things the indictment may, in a single count, group them together and charge the defendant to have committed them all and a conviction may be had on proof of the commission of any one of the things, without the proof of the commission of the others. *Bork* v. *People,* 91 N. Y. 13. So where a statute makes two or more distinct acts committed with the same transaction indictable, each one which may be considered as representing a phase in the same offense, the different acts may be coupled in one count. *Commonwealth* v. *Hall,* 23 Pa. Supr. Ct. 104.

It is a well settled rule that when a statute enunciates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do

no more, and likewise constitute but one and the same of-
fense. *People* v. *Gusti*, 113 Cal. 177; *Flohr* v. *Territory*, 14
Okla. 477. Mr. Wharton, in his work on Criminal Pleading
and Practice (9th Ed), sec. 251, states the law as follows:
"When a statute makes two or more distinct acts connected
with the same transaction indictable, each one of which may
be considered as representing a phase in the same offense, it
has been ruled in many cases that they may be coupled in one
count." So where a statute provides that an offense may be
committed in several different ways, one may be charged with
the commission of such offense in any one of such ways, or he
may be charged conjunctively, in the same count, with hav-
ing committed the offense in all of the ways enumerated in
the statute. This would only be charging one offense. *State* v.
*Wester*, 67 Kan. 810.

The evil in the instant case that the legislature intended to
reach was the use of moonshine stills for the distillation and
manufacture of liquors. The statute was directed against
certain defined modes for accomplishing a general object, and
declared that whether a person owned, possessed, operated or
had an interest in a moonshine still he was guilty of the offense
against which the statute was directed. It matters not whether
the person charged is guilty of owning, possessing, operating
or having an interest in such moonshine still, these charges
form parts of one transaction and are of such a nature that a
defendant may be guilty of both or all. Each act by itself
constitutes the offense; all of them together do no more. The
prosecution will not, as a general rule, be put to an election
under the above authorities. The right of demanding an
election is confined to charges which are actually distinct
from each other and do not form parts of one and the same
transaction. Furthermore, the fact that the statute pre-
scribed a form of indictment for the offense in one count leads
to the conclusion that this view was taken of the matter by
the lawmakers. In *State* v. *Warrick*, 96 W. Va. 722, while the
state was required by the lower court to elect, in an indict-
ment of the same nature that we have here, this court did
not lay down the rule there that an election should have been

required. We are of opinion that an election could not properly be required here.

The remaining assignments of error by the defendant go to the instructions. The court gave five instructions on behalf of the state. They properly propounded the law governing the case. Of the twelve instructions requested by the defendant, the court gave to the jury five. The instructions given fairly presented to the jury the law in relation to prisoner's defense. His complaint of the refusal to give the remaining seven instructions, with one exception, does not impress us as being well founded. The decisions lay down the rule that where the court gives instructions fully governing the law applicable to the facts shown in evidence it is not error to refuse other instructions, which are mere repetitions of those given. *State* v. *Owens,* 96 W. Va. 308, *State* v. *Wriston,* 93 W. Va. 568; *State* v. *Driver,* 88 W. Va. 479. The exception above noted relates to the unanimity of the jury verdict. This court has held in a number of cases that the accused in a criminal case is entitled to have the jury told that if any juror has a reasonable doubt as to the guilt of the accused, after hearing the evidence, receiving the instructions of the court, listening to the arguments of counsel, and consulting with his fellow jurors, such juror should not agree to a conviction. *State* v. *Noble,* 96 W. Va. 432; *State* v. *Warrick,* 96 W. Va. 722; *State* v. *Edgell,* 94 W. Va. 198; *State* v. *McKinney,* 88 W. Va. 401. Such instruction should, however, not be couched in terms as would invite the jury to disagree. The instruction requested in the instant case does not seem to be open to that fault, therefore, it should have been given.

The conclusion of the court is that the judgment be reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed; verdict set side; new trial awarded.*