# CHARLESTON.

## STATE *v.* D. E. THOMAS

## (No. 5937)

### Submitted March 13, 1928.     Decided March 20, 1928.

1.  SEARCHES AND SEIZURES—*Seizure May be Made Without Warrant Where Contraband Subject-Matter is Disclosed to Senses; Officers Smelling Still May Search and Seize Without Warrant (Const. art. 3, § 6).*

    Our Constitutional guaranty against unreasonable searches and seizures, providing that no warrant shall, issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the person or things to be seized, does not prohibit a seizure without such warrant, where there is no need of a search, but the contraband

subject matter is fully disclosed and open to any one of the
senses.   (p. 348.)

(Intoxicating Liquors, 33 C. J. § 376.)

2.   CRIMINAL LAW—*Instruction That if Evidence Showed De-
fendant Owned, Etc., Moonshine Still or Any Interest
Therein as Charged in Indictment to Convict, Held Suf-
ficiently to Charge Intent, Where Indictment Sufficiently
Charged Intent; Indictment Incorporated by Reference in
Instruction Becomes Part Thereof.*

Where an indictment charges a defendant with unlawfully
and feloniously owning, operating, maintaining, possessing,
and having an interest in a certain apparatus, for the manu-
facture of intoxicating liquors, commonly known as a moon-
shine still, an instruction telling the jury that, if they be-
lieved from all the evidence and beyond a reasonable doubt
that the defendant owned, operated, maintained or had in his
possession, or had any interest in, a moonshine still, as
charged in the indictment, then they should find the defend-
ant guilty, sufficiently charges intent, for the indictment be-
comes a part of said instruction, and must be read in con-
nection therewith.   (p. 351.)

(Criminal Law, 16 C. J. § 2491.)

3.   SAME—*Instruction That Although Indictment Charged in
Conjunctive Owning, Operating, Etc., Moonshine Still,
Proof of Any of Such Offenses Would Warrant Conviction,
Held Not Defective as Lacking Element of Intent, in View
of Prior Instruction Incorporating Indictment by Reference.*

In such case, a second instruction, the primary object of
which was to tell the jury that, although the indictment
charged the commission of said offenses in the conjunctive,
proof of any one of the said offenses beyond a reasonable
doubt, was sufficient to warrant a verdict of guilty, is not
open to the criticism that it lacks the element of criminal
intent, when read in connection with the preceding instruction.
(p. 351.)

(Criminal Law, 16 C. J. § 2493.)

4.   SAME—*Refusal of Instruction to Same Effect as One Given
Fully Covering Law Applicable Held Not Error.*

Where one instruction has been given, fully covering a
principle of law applicable to the case, it is not error to
refuse another instruction to the same effect, although differ-
ently expressed.   (p. 352.)

(Criminal Law, 16 C. J. § 2506.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

HATCHER, JUDGE, absent.

Error to Circuit Court, Marion County.

D. E. Thomas was convicted of owning, operating, maintaining, possessing, and having an interest in a moonshine still, and he brings error.

*Affirmed.*

*James A. Meredith* and *Ward Lanham,* for plaintiff in error.
*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Defendant was convicted in the criminal court of Marion county and sentenced to two years in the penitentiary and fined, on an indictment for unlawfully and feloniously owning, operating, maintaining, possessing, and having an interest in, etc., a moonshine still. A writ of error having been refused by the circuit court of said county, defendant prosecutes error to this Court.

On or about four o'clock in the afternoon of December 12, 1925, E. L. Hawkins, a Federal prohibition officer, together with state trooper Gladwell and certain other officers, being in possession of a warrant issued on the information of Gladwell for the search of the house and premises of defendant, proceeded to Peacock Terrace, a suburb of Fairmont, for the purpose of executing the same. On alighting from the car, they were at once apprised by the odor present that a moonshine still was under operation in the immediate vicinity. And, by means of the increasing pungency of this odor near the dwelling they were led into the house and upstairs to the bathroom where a sixty gallon moonshine still was found in operation, and where, as one officer puts it, "The fumes of the odor from it was so strong we could hardly stay in the room." The still was actually going at the time and the liquor from the coil was dripping into a bucket and wash boiler. According to Gladwell: "The hot plate was setting down in the bathtub and the still was setting on the hot plate. There was a rubber hose running from the hot plate to a gas connection. The gas was turned on and burning. The still was filled up

with mash. There was a rubber hose running in at the top and the water running out and running into the bathtub under the still and then running down the drain pipe. The liquor was running from the still into charcoal, and from that into a copper wash boiler setting there.'' Twenty-three gallons of apple brandy whiskey, three full barrels of apple mash, five empty mash barrels, 200 pounds brown sugar, ten empty whiskey cans, two funnels, one copper wash boiler used to catch whiskey in, three pieces rubber hose used on the still, and several small kettles and dippers were also found in the house. Defendant was not present at the time. However, he was soon after apprehended on his way home, and after reaching the house, said to one of the officers, ''Well, boys, you got me. I am in a hell of a shape with this stuff on me.'' He did not testify.

The principal ground of error stressed is that the search warrant is invalid. We have said that on the question of its validity the warrant itself is the best evidence. *State* v. *Slat*, 98 W. Va. 448. The warrant under consideration here is admittedly valid on its face. It purports to have been issued on a complaint duly sworn to by a member of the Department of Public Safety. The sole attack on its validity is that the affidavit was not in fact sworn to, and is therefore violative of the provision of our Constitution that no such warrant shall issue ''except upon probable cause, supported• by oath or affirmation.'' Article 3, Section 6. Such attack is founded alone on the cross-examination of the justice who issued the warrant, as follows: ''Did Mr. Gladwell swear to this complaint? A. Well, I don't know as I swore him to that particular complaint, no sir. Q. The fact of the matter was, that Mr. Gladwell merely signed the complaint and you acknowledged it, but did not swear him. Is that not true? A. Yes, sir. Q. Did you say that was true? A. That is true, yes, sir.'' The State seeks to uphold the warrant on the grounds (1) that it is against public policy to permit the officer to impeach his act, and (2) even if not so, that the evidence of the justice here relied on is insufficient to overbear a paper valid on its face. Counsel for both the State and the defendant admitted in argument on the hearing that

the exact point raised here has never been determined by this Court. However, we do not decide this question, since our view of the case makes it immaterial.

From the evidence, we find that as the officers alighted from their car, odor from a moonshine still in operation was in evidence. Hawkins, stated "As soon as we got out of the car, I smelled the odor of a still in operation." This was outside the close of the defendant. The officers were unerringly led by means of the growing intensity of this odor to the still in operation in the house of the defendant. An offense can be said to be committed in the presence of an officer when he sees it with his own eyes or sees one or more series of acts constituting the offense, and is aided by his other senses. *State* v. *Lutz*, 85 W. Va. 330. In such case no warrant is necessary. Here the sense of smell told the officer that a felony was being committed within the house of the defendant. In *U. S.* v. *Rembert*, 284 Fed. 996, which involved the question of whether or not an officer had the right to arrest a person whom he believed to be intoxicated and search his person for liquor without a warrant, the court said: "If the court can find in any case that the officer had a bona fide belief that by his senses he had detected or discovered a violation of the law, and if in the opinion of the court the evidence of the senses on which the officer acted was sufficient ground for the officer reaching that belief, then the arrest must be held justified, and the evidence obtained on it legal." In a case where the officers were lawfully on certain premises, and while engaged there saw a light in the cellar of a house two or three doors away, and detected the odor of raisins cooking, the officers proceeded to the house and entering the cellar found a still in operation. The court, in passing on whether or not the odor of the cooking raisins was sufficient to warrant an arrest without a warrant, and to seize the evidence, stated: "If an officer may arrest when he actually sees the commission of a misdemeanor or a felony, why may he not do the same if the sense of smell informs him that a crime is being committed? Sight is but one of the senses, and an officer may be so trained that the sense of smell is as unerring as the sense of sight. These officers have

said that there is that in the odor of boiling raisins which through their experience told them that a crime in violation of revenue law was in progress. That they were so skilled that they could thus detect through the sense of smell is not controverted. I see no reason why the power to arrest may not exist if the act of commission appealed to the sense of smell as well as to that of sight.'' *U. S.* v. *Borkowski,* 263 Fed. 408; Cornelius on Search & Seizure, 292.

That the officer may act on this one sense is no longer an open question in this State. In *State* v. *Snodgrass,* 91 W. Va. 553, it was held that the testimony of a witness is not limited to the facts observed by him through any one of the senses. Information communicated through any of his senses is proper matter of evidence, if otherwise pertinent. Judge RITZ, speaking for the Court in that case, said: ''Nor can we reverse the judgment upon the ground that the evidence did not justify the defendant's conviction. He contends that he was convicted upon the evidence of the sheriff and his deputy which they procured by the exercise of the sense of smell alone, and that this, being the case, it is too uncertain and unsatisfactory to justify a conviction. We know of no reason why information conveyed to a witness by one of the senses should be excluded while information obtained by him through another sense should be admitted.'' The holding in this case was quoted with approval, and followed by Judge HATCHER in *State* v. *Stone,* 100 W. Va. 150.

According to these authorities, it is plain that the officers, upon the information coming to them through one of the senses upon alighting from the car that a felony was being committed within the house, had a right to act as they did act, without a warrant. Then, it follows as a matter of course they would stand in the same position even if the warrant held by them was an invalid one. With the knowledge of the commission of a felony being committed in their presence the necessity of a search warrant ended.

Defendant also contends that instruction No. 2, given for the State, completely ignores the question of intent as an element of the crime charged in the indictment, while his instruction No. 9, refused, would have presented that question

to the jury. By State's instruction No. 1, the jury were told that it was unlawful for any person to own, operate, maintain or have in his possession, or have any interest in any apparatus for the manufacture of intoxicating liquors, commonly known as a moonshine still, and if they believed from all the evidence and beyond a reasonable doubt that the defendant owned, operated, maintained or had in his possession, or had any interest in a moonshine still, as charged in the indictment, then they should find the defendant guilty. The indictment charged the defendant with unlawfully and feloniously owning, operating, maintaining, possessing and having an interest in a certain apparatus, mechanism and device, for the manufacture of intoxicating liquors. The indictment which was made an essential part of the instruction No. 1 by reference thereto, must be read in connection therewith. *State* v. *Whitecotton,* 101 W. Va. 498; *Christie* v. *People,* 206 Ill. 337. Moreover, instruction No. 1 defines the kindred offenses in the language of the statute. This is held to be sufficient when the offense is statutory as in the case here. *Hix* v. *People,* 157 Ill. 382; *State* v. *Wilson,* 157 Iowa 698; *State* v. *Lynch,* 86 Kan. 528; *State* v. *Frank,* 103 Mo. 120; *State* v. *Tracy,* 35 Mont. 552; *Alt* v. *State,* 88 Neb. 259. State's instruction No. 2, the giving of which is alleged to be error, told the jury that although the indictment charged the commission of all these offenses in the conjunctive they were qualified in finding the defendant guilty as charged in the indictment if they believed from all the evidence beyond a reasonable doubt that he is guilty of any of the offenses enumerated therein. While the primary object of this instruction, as the language imports, was to tell the jury that proof of any one of the offenses charged beyond a reasonable doubt would be sufficient to warrant a verdict of guilty, yet it is not open to the vice of lacking the element of criminal intent when read in conjunction with the preceding instruction. *State* v. *Prater,* 52 W. Va. 132. The essential element of defendant's instruction No. 9 is that the act must be coupled with an unlawful intent or guilty purpose to use the said moonshine still as an apparatus for making liquor before a conviction can be had. However, this element was given to

the jury in defendant's instruction No. 10 to the effect that before the defendant could be convicted the jury must believe from all the evidence that the defendant owned or operated or maintained or possessed or had an interest in the said moonshine still ''with intent to manufacture liquor with said moonshine still.'' Ordinarily instructions should be considered together as a whole. *State* v. *Clifford,* 59 W. Va. 1; *State* v. *Kellison,* 56 W. Va. 690; *State* v. *Dodds,* 54 W. Va. 289.

*Affirmed.*