# CHARLESTON.

State *v.* Okley McKinney

(No. 6245)

Submitted September 15, 1928. Decided November 13, 1928.

*T. J. Lilly, T. L. Read* and *Thomas N. Read,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

WOODS, JUDGE:

Convicted by a jury in the circuit court of Summers county and sentenced to two years in the penitentiary, on an indictment for unlawfully and feloniously owning, operating, maintaining, possessing and having an interest in a certain apparatus, etc., commonly known as a moonshine still, defendant prosecutes this writ of error.

Defendant maintains that the indictment is fatally defective, in that it omits the word "intoxicating", and that the circuit court erred in overruling his demurrer for that reason. Prior to 1923, section 37, chapter 32-A, Code, under which this indictment was drawn, contained the word "intoxicating" before the word "liquors". However, in 1923, said section was amended in certain particulars; one being the omission of the word "intoxicating". See section 37, chapter 32-A, West Virginia Compiled Statutes. The indictment complained of is couched in the identical language of the statute as it stands today, and which obtained at the time the offense charged therein was committed. However, section 1, chapter 32-A, Code, sets at rest defendants contentions by defining "liquors", as used in said chapter, as embracing all malt,

vinous or spiritous liquors, wine, porter, ale, beer or any other intoxicating drink, mixture or preparation of like nature.

Counsel for defendant attacks State's instruction No. 3, on the ground that it invades the province of the jury. It tells the jury in effect that the wisdom of the prohibition law is not an issue in the case, and that they cannot refuse to render a verdict of guilty if the evidence warrants it in the case because they may believe the law unwise, trivial or technical; and, if they believe from the evidence in the case, beyond a reasonable doubt, that the defendant did own, operate, maintain or have an interest in any apparatus for the manufacture of liquors, commonly known as a moonshine still, as charged in the indictment, they should find defendant guilty. While the first sentence of the instruction regarding the prohibition law may not be a proper admonition to the jury, and the wisdom of its incorporation therein may be doubted, we do not go to the extent of holding it to be reversible error. The last sentence propounds the law according to our decisions. It is not open to the criticism that it omits the element of intent as was the case in *State* v. *Edgell,* 94 W. Va. 198, and *State* v. *Moore,* 95 W. Va. 604. It will be noted that the jury were instructed in the instant case that they were not to convict unless the defendant did own, operate, maintain or have an interest in any apparatus ''for the manufacture of liquors.'' The quoted clause supplies the intent not found in the objectional instructions in the foregoing cases. The absence of such clause would not have rendered the instruction in this case bad, for it states that, if the defendant be found guilty of the acts therein mentioned, as charged in the indictment, then they should find the defendant guilty. Reading it in conjunction with the indictment supplies the necessary element of intent. *State* v. *Thomas,* 105 W. Va. 346.

Another general objection goes to all three of the State's instructions on the ground that the word ''intoxicating'' is omitted from each of them. This complaint has already been met in our discussion of the sufficiency of the indictment.

The language of the instructions is identical with that of the indictment.

Is the verdict supported by the evidence? Two officers testify that they saw the defendant and three others (Ferguson, Lilly and Mann) come into the vicinity wherein a furnace, a quantity of mash and a dismantled still were located; that defendant carried something on his back; that defendant on seeing one of the concealed officers fled, followed by the others; that defendant was arrested at his home a quarter of a mile away a few hours later. This is augmented by the positive testimony of Ferguson and inferentially by that of Lilly, both of whom were found with defendant at the still, that the defendant made a contract with them to make the liquor, and that he (defendant) would "furnish the still" and that the still found by the officers was the one that "he showed" them. The defendant is a consumptive. He spent two years after his service in the World War in government hospitals taking a cure for tuberculosis, and claims that the portion of the liquor he was to receive was for his personal use. He admits that he took some cans down to the place where the liquor was to be made on the occasion recited by the officers; that he furnished yeast, sugar and tomatoes, but denies of having had any interest in the apparatus. In answer to the question, "You were to get some of the whiskey for furnishing some of the stuff to make it?" he replied, "Yes, sir." On being further interrogated, "Who was to furnish the still, if anybody, from which this liquor was to be made?" He replied, "I supposed the boys was going to make the liquor was going to furnish the still." On cross-examination defendant admitted that he had a contract with his accomplices to furnish "some tomatoes and sugar to make whiskey."

Counsel for the defendant attacks the credibility of Ferguson and Lilly on the grounds that they were accomplices. Each of them had entered a confession in the federal court for this particular offense and were given fine and placed on probation. It is not shown in this case just what their testimony was in the federal court. A confession there that they were interested in the moonshine still would not neces-

sarily imply that the defendant might not also have an interest therein. It is true that we have held that the uncorroborated testimony of an accomplice must be received with great caution and the jury should be so instructed, upon proper request. *State* v. *Hammond,* 96 W. Va. 96. No request to so instruct was made here. It has been the law in this State for half a century that a conviction may be had upon such testimony; and, in such case, if the judge who presided at the trial is satisfied with the verdict, and refuses to set it aside, the appellate court will not reverse the judgment and set aside the verdict, on the ground that it rested solely on the uncorroborated testimony of such accomplice. *State* v. *Betsall,* 11 W. Va. 703. Hence, while members of this Court might not have convicted the defendant had they been members of the jury, we are not at liberty to disturb the verdict. However, as I view it, the evidence here of the two accomplices is not unsupported. The admission of the defendant of his entering into a contract with Ferguson to manufacture liquor in the light of his actions immediately before and at the time of the discovery of the still by the officers, weighs most heavily against him. This Court can only consider the case in the light of the rules governing the admissibility and weight of the testimony, keeping in view the great underlying principle that the jury, and not the court, must determine what is the truth in every case. The judgment in this case must be affirmed.

*Affirmed.*