**Jerry Lee BRIDWELL, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. C–70–127–E.**

United States District Court,
N. D. West Virginia.

Feb. 10, 1971.

Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, Charleston, W. Va., for respondent.

**60**

MAXWELL, Chief Judge.

This day the Court maturely considered the previously filed petition of Jerry Lee Bridwell for a writ of habeas corpus and the amendment thereto, submitted by Petitioner in accordance with the Court's order entered September 22, 1970.

A state court jury found Petitioner guilty of armed robbery. The Circuit Court of Marshall County, West Virginia, thereupon sentenced Petitioner to a determinate sentence of twenty (20) years to be served after the completion of a life sentence for rape. Petitioner sought a writ of error in the West Virginia Supreme Court of Appeals, and that court refused the writ. Subsequently, Petitioner unsuccessfully sought a writ of habeas corpus in the West Virginia Supreme Court of Appeals, and he now has filed a petition in this Court seeking relief pursuant to 28 U.S.C.A. § 2241 et seq.

■ The sole ground for relief presented in the petition is that the imposition of the sentence for armed robbery, to be served after the completion of the life sentence for rape, is void. The alleged invalidity of the sentence is based upon Petitioner's contention that there is a common law principle which precludes the imposition of a second sentence to be served after the completion of a life sentence, and that the imposition of such a sentence constitutes cruel and unusual punishment.

Similar arguments have been presented to other courts. For example, in State v. Bruce, 268 N.C. 174, 150 S.E.2d 216 (1966), the court held that the imposition of a life sentence for kidnapping, made to run consecutively with a sentence of life imprisonment for rape, imposed in a previous trial, was not excessive and did not constitute cruel and unusual punishment, since neither sentence exceeded the limits fixed by the applicable statutes. The *Bruce* case and others of like nature are reported in Annot., 33 A.L.R.3d 335, 368–69 (1970).

West Virginia Code § 61–2–12 (Michie 1966) establishes a minimum sentence of ten (10) years for armed robbery, and permits the imposition of a life sentence. Young v. Boles, 343 F.2d 136 (4th Cir. 1965). The twenty (20) year sentence complained of, being within the statutory limits, may not, therefore, be collaterally attacked on the grounds here alleged by Petitioner.

In his response to the Court's order to amend the petition, Petitioner took the liberty of asserting several additional contentions in support of his claim for relief. Although it is not clear whether these grounds have been presented to the state courts, thereby satisfying the exhaustion requirement in 28 U.S.C.A. § 2254, the Respondent did not, in his answer, respond to the Court's invitation in this regard. The Court must, therefore, assume that this requirement has been satisfied and can now rule on these allegations on the merits.

■ Petitioner claims that the indictment for armed robbery is void because he "answered to said indictment the same day it was found * * *." Apparently, Petitioner is seeking to challenge the validity of the arraignment proceedings rather than that of the indictment itself. Records furnished by Petitioner, however, belie both the veracity and the validity of this contention. A copy of the indictment, included with Petitioner's amendment, shows that it was returned on February 13, 1963. Also included with the amendment is a copy of an order entered by the Circuit Court of Marshall County on February 13, 1963, which order reflects that counsel was appointed for Petitioner on that date, and that the case was continued until February 25, 1963. The logical conclusion to be drawn from these documents is that the continuance was granted in order to allow counsel adequate time to review the case preparatory to arraignment.

Even assuming, however, that, as Petitioner contends, he was arraigned on the same day the indictment was re-

turned, this alone would not be a deprivation of any constitutionally guaranteed right. It is true that there may be a suspicion of prejudicial inadequacy of preparation when a guilty plea is entered on the same day that a lawyer initially consults with his client. Bryant v. Peyton, 270 F.Supp. 353 (W.D.Va.1967); Braxton v. Peyton, 365 F.2d 563 (4th Cir. 1966). Here, however, a plea of not guilty was entered, and Petitioner could not have been prejudiced by the proximity of the return of the indictment and the entry of this plea.

■ Next, Petitioner asserts that the indictment charging him with armed robbery is void because of the absence of the names of the witnesses at the foot of the indictment. West Virginia Code § 52–2–8 (Michie 1966) provides that

"At least twelve of the grand jurors must concur in finding or making an indictment or presentment. They may make a presentment or find an indictment upon the information of two or more of their own body, and when a presentment or indictment is so made, or on the testimony of witnesses called on by the grand jury, or sent to it by the court, the names of the grand jurors giving the information, or of the witnesses, shall be written at the foot of the presentment or indictment."

The requirement as to the names of the grand jurors giving the information or the witnesses at the foot of the indictment has been held to be directory, State v. Howard, 137 W.Va. 519, 73 S. E.2d 18 (1952), and the omission of the names of the witnesses on whose testimony the indictment was found does not vitiate the indictment. *Id.*; State v. Joeseph, 100 W.Va. 213, 130 S.E. 451 (1925).

■ Petitioner next asserts, after admitting the fact of his escape from confinement under the life sentence for rape, that he was technically under that confinement at the time the armed robbery offense with which he was charged was committed, since he was not charged with the escape. On this basis, he contends that the entire proceeding against him on the armed robbery charge was illegal. The Court could comment that the novelty of this allegation is surpassed only by its frivolity.

■ Finally, Petitioner claims that his constitutional right to appeal, aided by counsel, was not satisfied by the unsuccessful petition to the West Virginia Supreme Court of Appeals for a writ of error. Petitioner contends that as an indigent he was entitled to the appointment of counsel for the purpose of seeking a writ of certiorari from the United States Supreme Court. Douglas v. California, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963), provided, of course, that an indigent must be provided counsel for the prosecution of "the *first appeal*, granted as a matter of right to rich and poor alike * * *." The Court in *Douglas* specifically declined to decide "whether counsel must be appointed for an indigent seeking review of an appellate affirmance of his conviction in this Court by appeal as of right or by petition for a writ of certiorari which lies within the Court's discretion." Since there has been no extension of the decision in *Douglas* to require the appointment of counsel for discretionary review, this contention of Petitioner will be considered as one without merit.

For the reasons above stated, it is adjudged and ordered that Petitioner's claims for federal habeas corpus relief be, and the same are hereby denied, and the petition herein is dismissed and retired from the docket of this Court.

If Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within 30 days from the date of entry of this order, pursuant to Rule 4 of the Rules of Appellate Procedure. The notice of appeal should also include a request for a certificate of probable cause which is required for an appeal by 28 U.S.C.A. § 2253. These papers should be submitted in duplicate.