# CHARLESTON.

### IDA BALL v. BASIL WILSON
### (No. 5084.)

Submitted November 11, 1924.   Decided February 17, 1925.

CRIMINAL LAW—*Intimation by Trial Court of Opinion in Reference to Matters of Fact Which Might Influence Verdict, Is Error.*

> The law is peculiarly jealous of any encroachment by a trial court on the province of the jury, who are the exclusive judges of the weight to be attached to the evidence of any witness, and it is error for a court in the trial of the case to intimate any opinion in reference to matters of fact which might in any degree influence the verdict.

Error to Circuit Court, Roane County.

Proceeding by Ida Ball against Basil Wilson. From judgment against defendant, he brings error.

*Reversed and remanded.*

*Harper & Baker,* for plaintiff in error.
*Wm. S. Ryan* and *Thos. P. Ryan,* for defendant in error.

LITZ, JUDGE:

The defendant, Basil Wilson, was tried and found guilty by the jury, in the Circuit Court of Roane County, upon a warrant sworn out by the plaintiff, Ida Ball, under Chapter 80, Code, charging him with the paternity of her illegitimate male child born February 3, 1921. The court entered judgment on the verdict directing him to pay the plaintiff in installments $360.00 for the maintenance of the child.

The plaintiff testifies that in or near the town of Spencer during the latter part of April or first of May, 1920, while the plaintiff was visiting in that locality, where he lived, she had carnal connection with him resulting in the conception of the child.

The defendant, to support his plea of not guilty, denied the charge and the testimony in detail of the prosecuting witness, further testifying that he was in the army at the time of the alleged relation, and introduced in evidence a certificate from the Secretary of War, based upon the official records of the War Department, showing his service record during re-enlistment in the army from July 9, 1919, to July 8, 1920, as follows: July 9, 1919, attached to the Motor Transport Corps, at Camp Lee, Virginia, awaiting assignment, and granted a furlough to August 9, 1919; September 22, 1919, assigned to Motor Transport Company No. 671, Camp Lee; December 22, 1919, granted a furlough to December 29, 1919; July 8, 1920, honorably discharged. In this connection the defendant also states that he was not in Roane County between July 9, 1919, and July 8, 1920, except while absent from camp on the furloughs of July 9, 1919, and December 22, 1919, and that under the army rules and regulations during that period an absence on his part for more than forty-eight hours would have been reported to the War Department. In the last statement he is said to be corroborated by two World War veterans, discharged from service in 1919, neither of whom were shown to possess actual knowledge of the rules, regulations and practices in respect to furloughs obtaining at Camp Lee in 1920.

The plaintiff also showed by the witnesses Bowyer and Burdette, who were in the regular army from 1894 to 1902,

that the rules and regulations then in force, a copy of which was presented to the court, authorized the company or post commander to issue furloughs for absence not exceeding twenty days without reporting to the War Department; so that leave of absence granted in this way would not appear upon the records of that Department. Defendant did not offer a copy of the army regulations effective in 1920, or prove by any informed person other than himself the practice at that time regarding the issuance of furloughs.

The defendant assigns the following errors:

(1)  That the verdict is against the decided weight and preponderance of the evidence.

The army record of the defendant is the main reliance for the defense of an alibi urged upon this assignment. As already indicated, proof of the army rules and regulations and the practice thereunder during the year 1920 rests entirely upon his own statement.

The case made out against the defendant, however, is not strong and convincing. The prosecuting witness admits a friendship with one Roma Wines, antedating the time of her conception, and, further, of having answered in the affirmative when asked by Mrs. Buck prior to the birth of the child, if Wines was not the father. Similar admissions by the plaintiff and Wines himself to others are shown. She kept the child at the Wines home for several months and his mother accompanied plaintiff when she went before the justice and swore out the warrant. No one corroborates the plaintiff's statement that the defendant was in Roane County the last of April or first of May, 1920, although she says he visited in and about the town of Spencer for several days at that time.

(2)  That the evidence of the witnesses Bowyer and Burdette, relating to furloughs under the army regulations existing prior to 1902 was inadmissible.

We see no reason for admitting this testimony on an inquiry concerning the army rules and regulations during the year 1920. There is certainly no presumption that they remained the same from 1902 to 1920, notwithstanding the intervention of a great war.

(3)  That comments upon the evidence by the trial court

in the presence of the jury were an invasion of the province of the jury to the prejudice of defendant.

Of the numerous remarks and comments by the court in the presence of the jury, calculated to discount the evidence adduced by the defendant, it is deemed necessary to recite a few. Commenting upon the testimony of the witness, Clyde Benear, that in his presence the plaintiff had said, ''Don't this baby look like Roma Wines?'' the court remarked: ''Wasn't that a remarkable statement for the girl to make to you? * * * The court believes the witness has made a most remarkable statement, one that challenges the experience of man. * * * Wouldn't that be strange for her to make a remark like that?'' Concerning the evidence of another witness, Mrs. Floyd Flinner, that plaintiff had come to her home for milk for the baby, and while there stated that Roma Wines was the father, the court observed, ''Don't you think that was a remarkable thing, this girl, a stranger to you, to tell you that?''

These and similar remarks and comments by the court were plainly improper and prejudicial to the defendant and could have no other than the effect of influencing a verdict against him. The law is peculiarly jealous of any encroachment by a trial court on the province of the jury, who are the exclusive judges of the weight to be attached to the evidence of any witness, and it is error for a court in the trial of the case to intimate any opinion in reference to matters of fact which might in any degree influence the verdict. *State* v. *Thompson*, 21 W. Va. 741; *State* v. *Austin*, 93 W. Va. 704, 117 S. E. 607.

Sustaining the second and third assignments of error, we reverse the judgment of the Circuit Court, set aside the verdict of the jury and grant the defendant a new trial.

*Reversed and remanded.*