# CHARLESTON.

## STATE v. ED WATERS

## (No. 5957)

Submitted October 25, 1927.   Decided November 1, 1927.

1. CRIMINAL LAW—*Rumor or Notoriety is Only in Few Exceptional Instances Admissible as Evidence.*

    Neighborhood rumor or notoriety is only in a few exceptional instances from necessity admissible in evidence to prove the fact asserted.   (p. 436.)
    (Evidence, 22 C. J. § 172.)

2. SAME—*Opinion Evidence is Admissible, When Facts From Which it is Drawn Cannot be Presented With Same Force and Clearness as They Appear to Observer Qualified to Draw Conclusions Not Apparent to Others.*

    Opinion evidence is admissible when the facts from which the witness's conclusions are drawn cannot be presented to the jury with the same force and clearness as they appear to an observer who is also qualified by his own personal experience to draw conclusions not apparent to others.   (p. 437.)
    (Criminal Law, 16 C. J. § 1532.)

3. SAME—*Courts Should Not Intimate Opinions as to Fact Questions Which Might Influence Verdict.*

    Courts should refrain from intimating opinions in refer-

ence to matters of fact which might in any degree influence
the verdict of the jury.　(p. 437.)

(Criminal Law, 16 C. J. § 2103.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Marion County.

Ed Waters was convicted of statutory rape, and he brings
error.

*Reversed.*

*James F. Burns* and *J. Harper Meredith,* for plaintiff in
error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,*
Assistant Attorney General, for the State.

MILLER, JUDGE:

The defendant was convicted of the statutory offense of rape
upon a female child under the age of sixteen years, and sen-
tenced to serve a term in the state penitentiary.

On his motion for a new trial in the court below and in
support of his petition for a reversal of the judgment de-
fendant contends that the evidence was insufficient to sup-
port a verdict of guilty.

The prosecutrix was the stepdaughter of defendant, living
in the home with him, her mother and her brothers and sisters.
She testified that on a Sunday night, about the first of April,
1926, when her mother was away from home, the defendant
entered her bedroom, where she was in bed with a child of
two years, and committed the assault complained of.　Three
other children, the oldest twelve years of age, were in the
room asleep at the time.　The girl says she started to cry
when she realized defendant's intention, but when he ordered
her to "shut up" she remained quiet.　She did not tell her
mother of the occurrence, because she says, defendant threat-
ened to hurt her if she did.　She further testified that some
days later defendant entered her room in the morning, after
her mother had gone from the house, before she was dressed,
and pushed her back on the bed and assaulted her again.

She says she reported this assault to her mother when she came home in the evening. She testified that defendant assaulted her again a few weeks later, the three attacks being, according to her testimony, within a period of perhaps three weeks.

The prosecutrix's mother, a witness for the defendant, testified that the daughter at no time told her of the alleged assaults, until some time in August, when it was ascertained she was pregnant. Then she accused defendant. The defendant denies any improper relations with the girl.

Counsel for defendant insist that it is improbable that the first assault, the one which the State elected to rely on for conviction, could have been committed in the room with the other children, one of them in bed with the girl at the time. The prosecutrix testified that she made no outcry, and that the other children were asleep. It is not at all improbable that the assault could have been committed without awakening them. The one in bed with the girl was but two years of age. This was clearly a question for the jury.

It is said that the fact that the girl made no immediate complaint, and was asleep when her mother returned within an hour or two later, renders her story improbable. She says she made no further resistance than that she "started to cry", but kept quiet after defendant told her to "shut up." Whether she resisted or not, or passively acquiesced in the act, does not matter. She says she was afraid to tell her mother of the assault until after she learned she was to become a mother; and it is not improbable that from a feeling of shame, she hesitated to speak to her mother of such a subject. .

During cross-examination by defendant's counsel the prosecuting witness was asked if she had not had sexual intercourse with George Morman. In ruling on objection to the question, after explaining the rule applicable to admission of such evidence in a case of statutory rape, the court, in the presence of the jury, continued: "It does not matter whom she may have had intercourse with as her consent could not be obtained, and the rule is fully set out in Underhill Criminal Evidence, in Section 621." The part of the court's state-

ment quoted is assigned as prejudicial error. No objection was made to this statement, nor a request that the jury be cautioned on the subject. Later the court ruled that counsel for the defendant might "ask the witness certain questions relative to said witness having sexual intercourse with others, on the theory that there was testimony in the direct examination relative to the father of the unborn child, but such questions must be limited to about the time of the alleged charge of rape in this case." In view of what the court said in explanation of the purpose of this evidence, we cannot say that the defendant was prejudiced in the minds of the jury. Defendant's counsel was permitted to examine the witness fully on this question.

The witness Ada Edwards was permitted to state that she had heard "current talk about the conduct of the defendant Ed Waters toward his stepdaughter." This was clearly error, which we can not say was not prejudicial to the defendant. Rumor is a sort of hearsay evidence having no value whatever to prove the fact asserted. "Neighborhood rumor or notoriety is, however, the most vague and uncertain of all tests of truth, and is only received in a few exceptional instances from necessity." 10 R. C. L. 961. "Rumor is as much inferior in probative quality to hearsay as reputation is above it; consequently as a rule rumor is not relevant evidence to prove a particular fact. The existence of rumor may, however, be independently relevant." 22 C. J. 213. While evidence of rumor is admissible in libel and slander cases, and some others of like nature, as evidence of publication, or of the fact that the rumor exists, it is not admissible to prove the fact asserted. 1 Greenleaf on Evidence, (16th ed.), Sec. 101.

Error is assigned in permitting two of the witnesses to testify that in their opinion the prosecutrix was pregnant and that from their observation of her and their knowledge and experience of pregnancy in their opinion her child would be born about the first of January 1927. One of these witnesses was the mother of seventeen children; the other was thirty-six years of age and the mother of two children. The prosecutrix had been in the care and custody of this witness from

September 20th, until the time of the trial of this case, November 17th. The other witness testified that she had first noted the appearance of the girl in June. It appears that both of them had had constant opportunity to observe the progress of the girl's condition. While opinion evidence as a general rule is not admissible, still when the facts are such that it is manifestly impossible to present them to the jury with the same force and clearness as they appear to the observer, then opinion evidence is admissible as to the conclusions and inferences to be drawn therefrom; and while the dividing line between what is fact and what is opinion can not be clearly defined, a witness, though not an expert, may testify to his conclusions from facts observed, when the matter to which the testimony relates can not be reproduced or described to the jury precisely as it appeared to the witnesses at the time. In such cases opinions are received in the interest of justice. *State* v. *Welch,* 36 W. Va. 690; *McCary* v. *Traction Co.,* 97 W. Va. 306. On this question it would have been impossible to detail to the jury the facts and observations upon which the witnesses based their conclusions; and they were not confined to their observations of facts alone, but based their opinions upon their own personal experiences.

In requiring the State to elect upon which assault in evidence it would rely for a conviction, the court said: ''Gentlemen of the jury, the court has required the State to elect as to which act of rape it will rely for conviction, and the State has elected to stand on the first offense that was proven as to the guilt or innocence of the defendant. The other two alleged acts are not to be considered.'' It is urged that the use of the phrases ''act of rape'' and ''first offense proven'' was prejudicial. While we are of opinion that the court's instruction in this case, when taken as a whole, was not prejudicial, to avoid any criticism it might have been better to have used such expressions as ''alleged act of rape'' and ''first offense in evidence''. Courts should not intimate any opinion in reference to matters of fact which might in any degree influence the verdict. *State* v. *Austin,* 93 W. Va. 704; *Ball* v. *Wilson,* 98 W. Va. 211.

We find no error in the instruction to the jury. State's instruction number three, objected to, is not a binding one, and when read in connection with number four is cured of the criticism made by counsel for the defendant. An instruction similar to number five was approved in *State* v. *Driver,* 88 W. Va. 479, 500, on the question of the consideration of other alleged acts of sexual intercourse between the defendant and the prosecutrix in statutory rape cases, and the rule there stated.

In view of the fact that the judgment must be reversed because of the admission of improper evidence, it becomes unnecessary to respond to the questions raised as to the manner of the selection of the panel of jurors and the refusal of the trial court to grant defendant a continuance.

The judgment will be reversed, the verdict of the jury set aside, and the defendant awarded a new trial.

*Reversed.*