STATE OF WEST VIRGINIA *v.* RAYMOND SONGER

(No. 8382)

Submitted May 14, 1936.   Decided June 2, 1936.

*E. E. Robertson* and *Lillian S. Robertson,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

Defendant was sentenced to the reform school upon a charge of stealing an automobile.   He prosecutes error here upon the ground that the trial court interrogated the witnesses in manner prejudicial to him.

The defendant, aged fifteen years, Reed Mullens, aged sixteen years, Edgar Martin, aged seventeen years, and William Bias, aged twenty-four years, took a parked

automobile, not the property of any one of them, at Madison and drove to Barboursville. The three younger boys left the automobile there in charge of Bias, and returned home. Bias was later apprehended with the automobile. The defendant admitted these facts, but claimed he did not know they were stealing the automobile; that Bias represented he had borrowed a car and suggested the ride. Bias denied making the representation.

Edgar Martin was a witness for the state though friendly to defendant. The court virtually conducted his examination in chief asking him in all, sixty questions. Reed Mullens was a witness for defendant. Reed testified (without objection) that he did not know they were stealing the car; that Martin told him Bias had the car borrowed. (Martin was not questioned on that point). While Reed's examination in chief was in progress, the court interposed and asked him thirty-three questions. Upon Reed's cross examination, the court again asked a number of questions. Some of the court's questions were brusque and his interrogations generally, both of Martin and Mullens, tended to indicate to the jury that he did not credit the innocence of defendant. This was prejudicial error. "In the trial of a criminal case * * * the court should be extremely cautious not to intimate in any manner, by word, tone, or demeanor, his opinion upon any fact in issue." *State* v. *Austin,* 93 W. Va. 704, 117 S. E. 607, 608. Accord: *Ball* v. *Wilson,* 98 W. Va. 211, 127 S. E. 22; *State* v. *Hively,* 103 W. Va. 237, 136 S. E. 862; *State* v. *Waters,* 104 W. Va. 433, 140 S. E. 139.

The judgment of the circuit court is accordingly reversed and a new trial awarded the defendant.

*Reversed; new trial awarded.*