STATE OF WEST VIRGINIA

*v.*

BURL H. TAFT

(No. 10908)

Submitted January 21, 1958. Decided March 4, 1958.

*M. G. Bufano, John D. Downes,* for plaintiff in error.

*W. W. Barron,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for defendant in error.

GIVEN, JUDGE:

Defendant, Burl H. Taft, was indicted by a grand jury of the Circuit Court of Monongalia County, at the January, 1957, Term. The violations alleged arise from the occurrence described in *State* v. *Taft,* case No. 10907, decided this Term, 143 W. Va. 369, 102 S. E. 2d 149. The facts need not be repeated here. The indictment in the instant case is in two counts. The first count charges defendant with having driven an automobile while "under the influence of intoxicating liquor". The second count alleges that defendant unlawfully drove an automobile while "under the influence of drugs and narcotics to a degree which rendered him incapable of safely driving a motor vehicle". The trial was commenced on February 12, 1957. On the verdict of the jury, the judgment was that defendant serve six months in the county jail, the sentence to run consecutively to the sentence mentioned in case No. 10907.

Some of the jurors who served on the jury which convicted defendant in the instant case were present in the court room at the time of the impaneling of the jury to try the case above mentioned, and heard some of the evidence offered by the State on that trial. Defendant moved for a continuance and, the motion having been denied, moved for the discharge of a juror. We find no prejudicial error in the action of the court in overruling the motions. The matters were within the discretion of the trial court. We see no abuse of that discretion. See *State* v. *Loveless,* 139 W. Va. 454, 80 S. E. 2d 442; *State* v. *Gargiliana,* 138 W. Va. 376, 76 S. E. 2d 265; *State* v. *Toney,* 98 W. Va. 236, 127 S. E. 35.

After the jury had considered of a verdict for some time, the foreman requested the trial court to answer the question, "Is there a legal definition for what constitutes

driving a car?" Whereupon, over objection of defendant, the court instructed the jury "that the term 'driving' has been defined and construed as requiring that a vehicle be in motion in order for the offense to be committed". Defendant then offered, in writing, an instruction which would have told the jury "that if they believe from the evidence that defendant got in his parked car for the purpose of waiting for someone else, and that the brakes of his car accidentally released and the car drifted some two to three feet into the rear end of a car parked in front of said Taft car, and that the movement of said car was accidental, and not the act and intent of the defendant, then you are authorized to find and determine that the defendant was not then and there driving his said car, and if you so find that the defendant was not then and there driving his said car, you may find the defendant not guilty."

The statute on which the indictment is based, Section 2 of Article 5, Chapter 129 of the 1951 Acts of the Legislature, as amended, Michie's 1955 Code, 17C-5-2, makes it a criminal offense for a person "to drive any vehicle on any highway of this state" while "under the influence of intoxicating liquor"; or "under the influence of any narcotic drug". The question posed by the action of the court, as related to the instructions mentioned above, is whether the mere motion of the vehicle constituted "driving" of the vehicle, within the meaning of the statute. We think that it does not.

Though movement of a vehicle is an essential element of the statutory requirement, the mere movement of a vehicle does not necessarily, in every circumstance, constitute a "driving" of the vehicle. To "drive" a vehicle necessarily implies a driver or operator and an affirmative or positive action on the part of the driver. A mere movement of the vehicle might occur without any affirmative act by a driver, or, in fact, by any person. If a vehicle is moved by some power beyond the control of the driver, or by accident, it is not such an affirmative or positive action on the part of the driver as will constitute a

driving of a vehicle within the meaning of the statute. 13 Words and Phrases, Permanent Edition, Drive, 399. See *State v. Michael* 141 W. Va. 1, 87 S. E. 2d 595. This being true, the instruction telling the jury that the vehicle must "be in motion in order for an offense to be committed" necessarily, in view of the evidence before the jury, had the effect of telling them that any accidental movement of the vehicle was sufficient to constitute a driving of the vehicle within the meaning of the statute, and constituted prejudicial error. What is said in this respect also indicates prejudicial error in the refusal to give to the jury the instruction offered by defendant, quoted above, after the giving of the instruction first mentioned. We are not, of course, saying that the refusal to give defendant's instruction, at the stage of the trial at which it was offered, had the first instruction not been given, would have constituted error. That question is not before us.

As noted above, the indictment was in two counts. Reference to the evidence, detailed in the case above mentioned, discloses no evidence upon which a verdict could be founded as to the charge contained in the second count, relating to the driving of a vehicle by defendant while under the influence of drugs. At the close of the testimony offered by the State, a motion of defendant to strike the evidence as to that count was overruled. The verdict was: "We, the jury, find the defendant, Burl H. Taft, guilty as charged". Defendant, at the time of consideration of the instructions, requested the court to give to the jury his instruction No. 13, reading: "The court instructs the jury that there is no evidence in this case that the defendant is guilty as charged in the second count of the indictment in this case, and you are directed to find him not guilty of the charge contained in the second count of the indictment in this case." The court refused to read the instruction to the jury. We think this was also prejudicial error. Permitting the case to go to the jury without having given such an instruction was tantamount to telling the jury that there was sufficient evidence to support the charge contained in the second count. The charge contained in the

second count constituted a separate and distinct offense, under the statute, and, like any other criminal violation, to warrant consideration by a jury, there must exist sufficient evidence to support it. Insofar as appears from the verdict, the jury could have found defendant guilty of either one or both of the charges. If found guilty of only one of the charges, no way of determining of which one defendant was found guilty is disclosed by the record. A defendant is entitled to know of what criminal offense he stands convicted. To hold otherwise would be to say, in effect, that a defendant may be proved guilty of one offense and then be punished for a different offense. See *State* v. *Gargiliana*, 138 W. Va. 376, 76 S. E. 2d 265; *State* v. *Runnion*, 122 W. Va. 134, 7 S. E. 2d 648; *State* v. *Frey*, 92 W. Va. 323, 114 S. E. 681.

Other questions were briefed. Some of them are sufficiently answered in case No. 10907, mentioned above. The others, we think, are without substantial merit or are of such nature as not likely to occur on another trial.

For the reasons indicated, the judgment of the circuit court is reversed, the verdict of the jury set aside, and defendant is awarded a new trial.

> *Reversed; verdict set aside;*
> *new trial awarded.*