STATE OF WEST VIRGINIA

*v.*

BURL H. TAFT

(No. 10907)

Submitted January 21, 1958. Decided March 4, 1958.

*M. G. Bufano, John D. Downes,* for plaintiff in error.

*W. W. Barron,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for defendant in error.

GIVEN, JUDGE:

Defendant, Burl H. Taft, was indicted by a grand jury of the Circuit Court of Monongalia County, at the January, 1957, Term. The indictment charged that defendant did, in January, 1957, "without a State license * * * transport a certain quantity of alcoholic liquor, in excess of one (1) gallon * * *", in an automobile. The case was tried to a jury, the trial commencing on the 11th day of February, 1957, and, on the following day, the jury returned a verdict of guilty. Judgment on the verdict was that defendant be confined in jail for a term of one year.

On January 8, 1957, Joseph Paul Sisler, a constable of Monongalia County, observed the automobile of defendant, which had been parked on a street, back "into another car" and "pulled forward, then, instead of pulling out into the street, and hit another car in front of him". The constable then crossed the street to the automobile of defendant, observed defendant in the automobile, "figured he was drunk", and, according to his own testimony, then placed defendant under arrest and went with him to the county jail, a short distance from defendant's automobile, where defendant was searched, and later placed in a cell. The constable, at the time of the arrest, had observed in defendant's automobile two "half-gallon bottles" and a "fifth bottle laying right beside it", containing what he believed to be alcoholic liquors. Other officers, deputies sheriff of Monongalia County, and members of the Department of Public Safety, were present at the jail at the time defendant was searched, and some of the deputies assisted in searching defendant and placing him in the cell. Testimony given by some of the officers supported the position of the State to the effect that defendant was intoxicated at the time of his arrest.

After defendant was placed in the cell, the constable and two of the deputies went to the automobile of defendant, removed therefrom the two one-half gallon bottles and the one-fifth gallon bottle. Then, using a key obtained by the search of defendant's person, the officers opened the trunk of defendant's automobile and found therein thirty bottles, each containing one-fifth gallon of alcoholic liquor. Evidence of the search of the trunk, and of the liquor found therein, was admitted on the trial. No warrant for the arrest of defendant, or for the search of his automobile, had issued at the time he was taken to the jail. Though there is evidence that a search warrant had issued, before the trunk was opened, directing the search of defendant's automobile, no search warrant was produced, nor was its absence explained, at the trial. Further facts are stated in the opinion in State v. Taft case No. 10908, decided this term, 143 W. Va. 365, 102, S. E. 2d 152.

Defendant vigorously denies that he was intoxicated at the time the constable observed him in his automobile. He is supported, to some extent, by opinions of others. He also contends that the only movement of his automobile at any time material was occasioned by his accidental release of the brake, permitting the automobile to "drift" against another automobile.

In *State* v. *Roberts*, 136 W. Va. 391, 68 S. E. 2d 48, we held: "1. Where an officer of a municipality has made a lawful arrest for illegal transportation of alcoholic liquor, he may search the vehicle then under the control of the person arrested and being used in the illegal transportation." This being the rule, we need inquire only whether the constable was justified, in making the arrest, for the reason that a violation of law by defendant was observed by him. In *State* v. *Mullins*, 135 W. Va. 60, 62 S. E. 2d 562, we held: "Appearing in a public place in an intoxicated condition constitutes a misdemeanor, for which, if committed in his presence, a duly appointed and qualified police officer of a municipality of this State, acting as such, may arrest an offender without a warrant." In the instant case there is evidence amply supporting the position of the State that defendant was intoxicated at the time he was first observed by the constable. There is also ample evidence to support the theory of the State that defendant was observed by the officer to transport alcoholic liquors in a quantity in excess of one gallon, as will be further pointed out in this opinion. Under the authorities, therefore, no search warrant was necessary as to the search actually made of defendant's automobile, and the evidence obtained by virtue of the search was, therefore, admissible. See *State* v. *Thomas*, 105 W. Va. 346, 143 S. E. 88; *State* v. *Wills*, 91 W. Va. 659, 114 S. E. 261; *State* v. *Andrews*, 91 W. Va. 720, 114 S. E. 257; *State* v. *Brown*, 101 W. Va. 160, 132 S. E. 366; *Bess* v. *United States* (W. Va.) 49 F. 2d 884.

Section 2 of Article 1 of Chapter 4 of the 1935 Acts of the Legislature, Michie's 1955 Code, 60-1-2, reads: "A person shall not sell, possess for sale, transport, or distribute alcoholic liquors in this State except in accordance with

the provisions of this chapter." Section 6 of Article 6 of the same Act reads: "The provisions of this chapter shall not prevent a person from bringing into or transporting in this State, in his possession or in his baggage, and not for resale, alcoholic liquor in a quantity not to exceed one gallon." Defendant contends that the evidence detailed above does not warrant a finding that there was any "transportation" of alcoholic liquors found in the automobile, within the meaning of such statutory provisions.

After the jury had considered of their verdict for some time, the foreman requested the trial court to answer "whether or not the movement of the car accidently, with the driver inside, constitutes transportation". The court orally instructed the jury that "it would be transportation within the meaning of our statute in this instance whether the car moved or no, that any movement on the part of the car, under the facts of this case, was not necessary". Defendant complains of the action of the court for the reasons that the instruction was given orally, and that it incorrectly stated an applicable principle of law.

It should be noted that Section 2 of Article 1 deals not alone with illegal transportation, but with a number of offenses. See *State* v. *Jaranko*, 142 W. Va. 1, 93 S. E. 2d 537. The first count of the indictment in the instant case charges only the specific offense of unlawful transportation of a quantity of alcoholic liquor in excess of one gallon. Clearly, the element of transportation is made an essential requisite of the offense particularly charged, though transportation is not an element or requisite of other offenses named in the statute. As to the method of transportation, the statute is all inclusive, applying whether the transportation be by automobile, or by some other method. As to the extent of transportation necessary to satisfy the requirement, the only limitation is found in the meaning of the word "transport".

The word "transport", in its usual and ordinary use, means to move from one point to another. To constitute

transportation, however, it is not necessary that the movement be from one certain place to a certain place previously intended, or that the movement be for any certain distance. We see nothing in the statute requiring any meaning different from that ordinarily given the word. The word, in context, could be used to indicate a different result, e. g. transportation from a certain designated place to some different designated place. See 42 Words and Phrases, Permanent Edition, Transport; Transportation, 511.

Given the word "transport" its usual and ordinary meaning, it seems clear that the evidence offered by the State was sufficient to support a finding that the movement of the automobile of defendant, as observed by the constable, was sufficient to constitute an intentional movement of defendant's automobile, though it may have actually moved only a few feet. That testimony was to the effect that defendant's automobile was observed by the constable while "parked across the street"; that it "backed into another car"; and that "instead of pulling out into the street, and hit another car in front of him". There is also evidence to the effect that the place on the street where defendant's automobile was parked was at a considerable grade. The jury having visited and observed the place where the automobile was parked, were able to intelligently weigh the testimony with reference to whether defendant actually and intentionally moved his automobile, or whether it merely accidentally "drifted". It necessarily follows, from such conclusions, that the giving of the instruction quoted above constituted prejudicial error.

Other questions were raised by defendant and discussed in the briefs. Some of them, perhaps, have merit. We think, however, that what has been said sufficiently answers some of them, and that a discussion of the others would not be helpful. See, however, *State* v. *McMillion,* 127 W. Va. 197, 32 S. E. 2d 625; *State* v. *Hively,* 103 W. Va. 237, 136 S. E. 862; *State* v. *Murphy,* 93 W. Va. 477, 117 S. E. 147; *Weaver* v. *Wheeling Traction Co.,* 91 W. Va. 528, 114 S. E. 131; *State*

v. *McKinney*, 88 W. Va. 400, 106 S. E. 894; *Mansfield* v. *Commonwealth*, 146 Va. 279, 135 S. E. 700.

For the reasons stated, the judgment complained of is reversed, the verdict of the jury set aside, and the defendant is awarded a new trial.

*Reversed; verdict set aside; new trial awarded.*