STATE OF WEST VIRGINIA

*v.*

BURL H. TAFT

(No. 11035)

Submitted September 15, 1959.   Decided November 3, 1959.

*M. G. Bufano,* for plaintiff in error.

*W. W. Barron, Attorney General, George H. Mitchell, Assistant Attorney General,* for defendant in error.

CALHOUN, JUDGE:

The defendant, Burl H. Taft, was indicted in the Circuit Court of Monongalia County on a charge that, in January, 1957, he unlawfully transported in an automobile "a certain quantity of alcoholic liquor, in excess of

one (1) gallon". Following his conviction by the verdict of a jury, he was sentenced by the court to serve one year in the county jail and to pay a fine of $250. The case is before this Court on writ of error to that judgment.

The same case was previously before this Court, the opinion being reported in 143 W. Va. 369, 102 S. E. 2d 149. Another case, arising from the same episode, involving a charge against the defendant of operating a motor vehicle while under the influence of intoxicating liquor, was likewise before this Court, the opinion being reported in 143 W. Va. 365, 102 S. E. 2d 152. Facts pertinent to the present case are set forth in those two opinions.

On January 8, 1957, Joseph Paul Sisler, a constable of Monongalia County, observed the defendant's automobile strike the rear of the constable's automobile which was parked on a street known as Chancery Row, near the courthouse in the City of Morgantown. Upon investigation the constable discovered that the defendant was in the driver's position in his automobile, and apparently intoxicated. Thereupon the constable arrested the defendant upon a charge of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor, took him to the county jail nearby, searched him, and placed him in jail. The constable, at the time of the arrest, observed on the rear seat of defendant's automobile two one-half gallon bottles and a one-fifth gallon bottle containing what the officer believed to be intoxicating liquor.

After the defendant was placed in jail, the constable, assisted by two deputies from the sheriff's office, returned promptly to defendant's automobile and removed therefrom the two one-half gallon bottles and a one-fifth gallon bottle which were found to contain intoxicating liquor. The one-fifth gallon bottle was not completely filled. With keys obtained by the previous search of defendant's person at the county jail, the officers opened

the trunk of defendant's automobile and found therein thirty one-fifth gallon bottles of alcoholic liquor. While the testimony indicates that the officers procured a warrant for the search of defendant's automobile prior to the time they removed the intoxicating liquor from the trunk of the automobile, the warrant was not introduced as a part of the evidence at the trial.

In the former opinion this Court held that the word "transport", as used in the statute relating to unlawful transportation of alcoholic liquors, requires "an intentional movement of the automobile by the defendant * * * though the movement need not be from a certain place to a previously intended place, or for any certain distance." The Court also held that the constitutional guaranty against unreasonable searches and seizures "does not prohibit a seizure without such warrant, where there is no need of a search, but the contraband subject matter is fully disclosed and open to any one of the senses."

The evidence relating to the defendant's intoxication was sufficient to authorize the jury to find that defendant's arrest was justified. Constable Sisler and Chief Deputy Sheriff Hugh Brand testified that the intoxicating liquor on the rear seat of defendant's automobile was clearly visible from outside the vehicle. This Court previously held that, under such circumstances, the officers were justified in confiscating such liquor without a search warrant. The liquor found on the rear seat of the automobile was, of course, in a quantity in excess of one gallon.

When an officer makes a lawful arrest, with or without a warrant, the law accords to such officer a right to make a reasonable search as an incident of such lawful arrest, not only of the person of the one arrested but also of the automobile in which the accused may be found at the time of the arrest. *State* v. *Roberts,* 136 W. Va. 391, 68 S. E. 2d 48; *State* v. *Rigsby,* 124 W. Va. 344, 20 S. E. 2d 906; *State* v. *Hatfield et al.,* 112 W. Va. 424, 164 S. E. 518, 79 C.J.S., Searches and Seizures, Section 26, page 795.

The defendant complains of the action of the Court in granting the following instruction tendered on behalf of the State:

> "The Court instructs the Jury that upon the trial of a criminal case by a jury the law contemplates the concurrence of twelve minds in the conclusion of guilt before a conviction can be had. Each individual juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he can rightly, under his oath, consent to a verdict of guilty. Each juror should feel the responsibility resting upon him as a member of the jury, and should realize that his own mind must be convinced beyond all reasonable doubt of the defendant's guilt before he can consent to a verdict of guilty. Therefore, if any individual juror, after having duly considered the evidence in the case, the instructions of the Court, the arguments of counsel, and consulting with his fellow jurors, should entertain a reasonable doubt of defendant's guilt, it is his duty not to surrender his own convictions simply because all, or some, of the other jurors entertain a different opinion.
>
> "And in this connection the jury is further instructed that the jury room is no place for pride of opinion or obstinacy, and it is the duty of the jurors to discuss the evidence in a spirit of fairness and candor with each other, and with open minds to give careful consideration to the views of their fellow jurors, and, if it can be done without a sacrifice of conscientious convictions, agree upon a verdict."

Defense counsel object to the second paragraph of the instruction. While the law contemplates the free and deliberate concurrence of all jurors as a prerequisite of a verdict, this Court has expressed its disapproval of instructions couched in language tending to foster disagreement among or obduracy on the part of jurors. The court in its instructions must neither encourage disagreement nor coerce agreement. "It is proper for a trial court to tell the jurors that it is their duty to agree, if possible, and that in conferring they should respect

each other's opinion with a disposition to agree thereto, if based on sound reasoning." *Emery* v. *Monongahela West Penn.*, 111 W. Va. 699, 709, 163 S. E. 620, 624; 88 C.J.S., Trial, Section 297, page 810.

In the case of *Robertson* v. *Hobson,* 114 W. Va. 236, 171 S. E. 745, the Court, in point one of the syllabus, with reference to an instruction dealing with the unanimity of the jury stated: "But such an instruction embodies principles so generally understood by jurors and so fully covered by the oath of the juror, that refusal to give the instruction would rarely, if ever, constitute prejudicial error." In the case of *State* v. *Sibert,* 113 W. Va. 717, 169 S. E. 410, a similar instruction was refused because it failed to include language dealing with the duty of jurors to consult with each other in a good faith effort to agree. In the State of Virginia it is held, in both civil and criminal cases, that it is not error to refuse to grant instructions dealing with unanimity of the jury. *Randolph* v. *Commonwealth,* 190 Va. 256, 56 S. E. 2d 226. In the case of *Riddle* v. *B. & O. Railroad Co.,* 137 W. Va. 733, 755, 756, 73 S. E. 2d 793, 805, in considering an instruction on unanimity of the jury, this Court stated: "This instruction was skillfully drafted by defendant's counsel. It correctly instructed the jury that the verdict should be unanimous without inviting obduracy or disagreement on the part of the jury. If the trial court had given the instruction, as drafted, its action in that regard would not have been reversible error, nor, under the present holding of this Court, would its refusal thereof constitute reversible error." In the light of the prior decisions of this Court, the trial court did not err in granting the instruction.

Counsel for the defendant earnestly insist that the evidence was not sufficient to prove "an intentional movement of the automobile by defendant" so as to constitute "transportation", as defined by the Court in the former opinion in this case.

The defendant testified that he purchased the alcoholic

liquor at the state liquor store situated nearby and carried it from the liquor store to his automobile one gallon at a time; that his purpose was to remove the liquor from the automobile later and to carry it to the apartment of his friend, Max Marsh, the apartment being in a building situated nearby; that, at the time of his arrest, he was waiting for Marsh to return to his apartment; that his automobile was parked on the street in the rear of the constable's automobile; and that, at the time of his arrest, his automobile keys were in his pocket. When asked what caused his automobile to move forward, the defendant stated: "I don't have any idea, unless the brake let loose, if I knocked it some way, or whether it released itself. I am not sure whether slamming the door could have knocked the brake off; I am not certain how." Defendant further testified that his automobile was of such a type and mechanical construction that "the gears will not hold the car in position. You can't lock the car by the gears; you have to use the emergency brake." The evidence discloses without dispute that, at the point where defendant's automobile was parked, there is a slight grade or downward slope in the direction of the point at which the Sisler automobile was parked. The defendant denied he was intoxicated. He testified that after his automobile struck the Sisler automobile, he got out of his own vehicle to see whether or not the Sisler automobile had been damaged.

On the other hand, Constable Sisler testified that he heard a "bang", which sounded like one automobile striking another; that he thereupon looked in the direction of the defendant's automobile, and saw it moving forward; that it struck the constable's automobile, causing a second "bang"; that, though his emergency brake was drawn and his automobile was parked "against the curb" and in gear, it was knocked forward by the impact a distance of about four feet; that the right front door of the Taft vehicle was locked; that he rapped on the window of defendant's vehicle in an effort to attract defendant's attention, but, being unable to do so, he flashed

a light in defendant's face; that defendant thereupon opened the door and the witness sat down with the defendant on the front seat; that the keys were in the ignition switch and the defendant was endeavoring to start the motor; that the defendant's automobile "went forward under power"; that when the officer sat down beside defendant, "The starter was running on the car"; that the defendant took the keys from the ignition switch; that the defendant did not get out of his automobile prior to the time of his arrest; that defendant did not succeed in starting the motor because "I got him stopped before he could"; that defendant's vehicle "was going too fast to be drifting, looked like to me;" and "it was under power, it seemed to me." On cross-examination Sisler admitted that he did not actually know that the motor of defendant's automobile was running because he did not "hear it". On cross-examination he admitted also that he could not state as a fact that the vehicle moved forward under its own power.

The jury was permitted to view the scene, including, of course, the nature and degree of the grade or slope of the street at that point. Things which are observed by a jury in connection with a view "so far as they are pertinent to show anything proper to be proved, are to be considered by them the same as any other evidence introduced in the case." *The C. & O. Ry. Co.* v. *Johnson,* 137 W. Va. 19, 69 S. E. 2d 393. Having had the benefit of the view, the jury was in a position to judge whether the action of defendant's automobile in merely "drifting" without the power of its motor would have been sufficient to force Sisler's vehicle forward approximately four feet while in gear and with its emergency brake drawn. In this case involving conflicting testimony, the credibility of witnesses and reasonable inferences to be drawn from all facts and circumstances in evidence, we feel that the verdict of the jury was justified and is controlling. *State* v. *Magdich,* 105 W. Va. 585, pt. 1 syl., 143 S. E. 348; *State* v. *Toler,* 129 W. Va. 575, 41 S. E. 2d 850.

While Constable Sisler was on the witness stand, the

trial judge propounded to him the following question: "Just to get a couple of matters clear here, there is some reference in the final result of this case to there being a considerable grade at that space; actually, there is no considerable grade at all there, is there", to which the witness replied: "No grade to amount to anything, no." It is urged on behalf of the defendant that this amounted to an invasion of the providence of the jury and a comment by the trial judge upon the steepness of the grade. There was no contention during the trial that the grade or slope was other than slight. The jury viewed the scene and therefore could not have been misled by the trial judge's question, and there was no prejudicial error in this respect.

A motion was made on behalf of the defendant to have a demonstration made with defendant's automobile at the scene in the presence of the jury to determine whether or not it would "drift". The defendant assigns as error the action of the court in refusing to permit such demonstration. At the time of this second trial more than a year had elapsed since the arrest. On this second trial, defendant contended that at the time in question his automobile was parked at a point different from that shown by the testimony of State witnesses. In any event the propriety of permitting such a demonstration was within the sound discretion of the trial court. *State* v. *Newman,* 101 W. Va. 356, 132 S. E. 728; *Ferrell* v. *Commonwealth,* 177 Va. 861, 14 S. E. 2d 293; 85 A.L.R. 482; 88 C.J.S. Trial, Section 46, page 115.

It is urged that the court, over the objection of defendant, permitted Sisler to express the opinion that defendant's automobile did not merely "drift" forward against Sisler's automobile. Three times previously, without objection, Sisler gave substantially the same testimony. His previous answers in this respect were as follows: "It was going forward under power"; "The car went forward under power"; and "It was under power, it seemed to me."

Clearly Sisler did not qualify as an expert to give

such testimony. Nevertheless, a non-expert witness may express an opinion "when the facts from which the witness' conclusions are drawn cannot be presented to the jury with the same force and clearness as they appear to an observer who is also qualified by his own personal experiences to draw conclusions not apparent to others." *State* v. *Waters*, 104 W. Va. 433, pt. 2 syl., 140 S. E. 139.

Sisler previously had been a police officer of the City of Morgantown. He was thirty-one years of age and had operated motor vehicles since the age of sixteen. It was proper for Sisler to express his impression, based on what he observed, that the car did not merely drift forward, not on the basis of expert testimony, but because the situation which formed the basis of the witness' sensations and impressions in this respect could not be portrayed adequately to the jury. The trial court did not err in this respect, particularly in view of the fact that Sisler had previously testified without objection substantially to the same effect. The Law of Evidence in Virginia and West Virginia, Section 121, page 208; *Reall* v. *Deiriggi*, 127 W. Va. 662, 34 S. E. 2d 253; *Curfman* v. *Monongahela West Penn Public Service Co.*, 113 W. Va. 85, 166 S. E. 848; *State* v. *Waters*, 104 W. Va. 433, 140 S. E. 139; *State* v. *Dushman*, 79 W. Va. 747, 91 S. E. 809; *Cline* v. *Railway Co.*, 69 W. Va. 436, 71 S. E. 705; *Kunst* v. *City of Grafton*, 67 W. Va. 20, 67 S. E. 74; *State* v. *Welch*, 36 W. Va. 690, 15 S. E. 419.

Counsel for the defendant complain of the action of the trial court in refusing to grant defendant's instructions No. 4 and No. 7, respectively. Instruction No. 4 deals with the burden of proof, and reasonable doubt, and concludes as follows: "* * * but to warrant his conviction the defendant's guilt must be proven so clearly and conclusively that there is no *reasonable theory* based upon the evidence of the case upon which he can be innocent." (Italics supplied.) Instruction No. 7 deals generally with the same subject as instruction No. 4, but concludes as follows: "To justify a verdict of guilty in

this case, the evidence must be of such a character as to exclude *every reasonable hypothesis* save that of guilt". (Italics supplied.) Such instructions relate primarily to criminal cases based on circumstantial evidence, and in a case based primarily on direct evidence, such instructions are properly refused. *State* v. *Wilson,* 74 W. Va. 772, pt. 6 syl., 83 S. E. 44; *State* v. *Michael,* 141 W. Va. 1, pt. 7 syl., 87 S. E. 2d 595. The action of the court in refusing to grant these two instructions was not error, particularly in view of the fact that other instructions which were granted covered adequately the elements of burden of proof and reasonable doubt.

Over objection, the court granted State's instruction No. 2 as follows:

"The Court instructs the Jury that to constitute transportation of intoxicating liquor in an automobile, an intentional movement of the automobile by defendant is necessary, though that movement need not be from a certain place to a previously intended place, or for any certain distance.

"And in this connection, you are further instructed that a man is presumed to intend that which he does or which is the immediate and necessary consequence of his act."

The only objection assigned by defense counsel to the granting of this instruction was that "the second paragraph is prejudicial to the defendant's rights." It is urged that the second paragraph tends to state that the defendant is presumed to have intended to move the automobile, even though such movement was accidental. We do not mean to imply that such contention is utterly without plausible foundation. In this connection, however, we bear in mind that there is testimony and there are circumstances from which the jury might reasonably conclude that the defendant did intentionally get into his automobile, put his key in the ignition switch, and undertake to start the motor. The testimony of Sisler, coupled with the circumstances, justifies the conclusion

that the defendant's automobile moved forward under the power of its motor. The first paragraph of the instruction makes it clear that "an intentional movement of the automobile by the defendant is necessary" in order to warrant a conviction. When this particular instruction is considered in its entirety and in connection with other instructions granted, we do not feel that the jury could have been misled thereby, and we do not feel that the trial court committed prejudicial error in granting the instruction. We have considered carefully other assignments of error, but feel that they do not disclose any error prejudicial to the rights of the defendant.

The judgment of the Circuit Court of Monongalia County is, therefore, affirmed.

*Affirmed.*