Joanne Theresa **ALTVATER**, Appellant,

v.

Edward L. **BATTOCLETTI**, Appellee.

No. 8442.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 15, 1961.

Decided Feb. 10, 1962.

Jeremy C. McCamic, Wheeling, W. Va. (Thomas B. Miller, Wheeling, W. Va., on brief), for appellant.

Frank A. O'Brien, Jr., Wheeling, W. Va., and John C. Kinder, Martins Ferry, Ohio, for appellee.

Before SOBELOFF, Chief Judge, BELL, Circuit Judge, and NORTHROP, District Judge.

BELL, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of West Virginia. On April 7, 1961, the Court entered a judgment order in favor of the defendant. On July 7, 1961, the Court entered an order denying plaintiff's motion for new trial. Plaintiff's notice of appeal, filed on August 4, 1961, stated that the appeal was from the order of July 7, 1961.

On the night of March 12, 1958, the plaintiff was riding with a friend on a short trip from Wheeling, West Virginia, to Bridgeport, Ohio. Headed west out of Bridgeport on Route #40 at about 11:00 p. m., they struck the rear end of defendant's car, which was parked near the right hand curb, a glancing blow. Defendant's parking lights were not turned on at the time of the accident. Plaintiff was hurled through the windshield of the car in which she was riding, receiving injuries resulting in her hospitalization.

Ohio Revised Code § 4513.10 requires that parking lights be displayed upon the front and rear of any automobile stopped or parked upon a roadway within a municipal corporation where there is insufficient light to reveal a substantial object at a distance of five hundred feet. It is conceded that this accident occurred within a municipal corporation. Witness Bigelow, who was following the car in which plaintiff rode just prior to the accident, estimated that on that night at the scene of the accident, he could see a substantial object, such as a car, at about 300 feet.

Ohio Revised Code § 4511.69 requires that every vehicle stopped or parked upon a roadway be parked with the right-hand wheels parallel with and not more than twelve inches from the right hand curb. There was testimony from Bigelow that the defendant's car was parked a foot and a half to two feet away from the curb.

Plaintiff sued in the District Court for damages for her injuries. She claimed that defendant was negligent as a matter of law in that he had violated both the above statutes and that this negligence was the cause of her injuries. In the instructions to the jury the Court removed the issue of defendant's violation of Ohio R.C. § 4513.10 from the case because plaintiff had failed to produce competent evidence. Plaintiff duly objected to this instruction. He also instructed the jury that the driver of plaintiff's car was negligent as a matter of law but noted that this negligence could not be imputed to the plaintiff. Ohio R.C. § 4511.21 prohibits any person from driving any motor vehicle upon any highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. Plaintiff and Bigelow testified that just before the car in which plaintiff was riding struck defendant's car, they were momentarily blinded by the lights of an oncoming car. Bigelow testified that at this time plaintiff's car swerved to the right and then straightened up. Plaintiff did not object to the finding that the driver was negligent as a matter of law.

The plaintiff objected to the instructions given to the jury on the issue of defendant's violation of Ohio R.C. § 4511.69. The jury returned a verdict for the defendant, and the Court entered judgment in accordance therewith.

I.

We must first deal with defendant's contention that this Court is without jurisdiction to hear this appeal because the notice of appeal specified that the appeal is from the order of July 7, 1961. This is the order denying plaintiff's motion for new trial. The conten-

tion is that this is not a "final" order within 28 U.S.C.A. § 1291, and is not therefore appealable.

The question on this point is whether or not, in spite of the plaintiff's technical error in the notice of appeal, it was plain what plaintiff sought to have reviewed. Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16 (1948); State Farm Mutual Automobile Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956) reversing 9 Cir., 225 F.2d 876. The answer to this must be in the affirmative. The motion for a new trial was founded on several contentions attacking the validity of the judgment of April 7, 1961. Since an appeal from the order denying that motion would be restricted to the validity of the court's ruling on those contentions, Fed.R.Civ.P. rule 73, 28 U.S.C.A., the only assignments of error that could be framed would attack the basis of the first order as well as that of the second. Therefore, the defendant could not be misled to his prejudice by the technical error of plaintiff's attorney. Indeed, the defendant did not move to dismiss this appeal until thirty days after receiving plaintiff's brief. Even if defendant might have been misled by the error, it is clear from this fact that he was not so misled in this case. Upon receipt of plaintiff's brief he was given notice of the points to be raised in the appeal. Since he did not move to dismiss the appeal until thirty days later, he could not, in any event, claim surprise as the basis of that motion. Therefore, the defendant was not prejudiced by plaintiff's technical mistake and the appeal from the final order of April 7, 1961, was properly taken.

Defendant has placed great emphasis upon Gunther v. E. I. DuPont De Nemours and Company, 255 F.2d 710 (4 Cir.1958), but that case is not favorable to his position. First of all, there were multiple causes of action in that case, and there were three separate judgments, each of which disposed of different causes of action. Therefore, a failure in the notice of appeal to specify accurately the judgment from which the appeal was taken would clearly deprive the appellee of adequate notice. This is not the situation in the present case.

## II.

The plaintiff assigns as error the District Court's charge to the jury that she had failed to produce competent evidence to show a violation of Ohio R.C. § 4513.-10. This statute required the defendant to display his parking lights when parking within a municipal corporation upon a highway or a shoulder adjacent thereto under such conditions that a substantial object could not be seen at a distance of 500 feet.

The witness Bigelow was asked if he could state how far a substantial object such as a car could be seen at the time of the accident at the place where it occurred. He replied, "About 300 feet". Out of the hearing of the jury, the Judge stated, with reference to the issue of violation of the lights statute, "The only witness (Bigelow) who gave any opinion as to how far you could see testified that he didn't know there was a street light there, and if and when evidence of a burning street light is brought into the case I would certainly have to eliminate that issue". Evidence of the existence of a street light was later brought into the case. In his charge to the jury the Court below stated, " * * * [Y]ou are charged, as a matter of law, that the plaintiff has failed to produce *competent* evidence which would justify a finding that the [lights] statute was violated. The issue based upon the lack of parking lights on the defendant's car is, therefore, out of the case * * *." (Emphasis added.)

The question is, then, whether the District Court acted properly in striking out as incompetent this testimony by an eye witness to the conclusion of fact that he could see a substantial object such as a car for only 300 feet, for we think that is the plain meaning of the witness' answer. There can be no doubt but that the testimony of the witness as to a conclusion of fact (e. g., the distance he could see a substantial object at the time and place of the

accident) was competent if it was shown to have been founded upon personal knowledge adequate to give to it some substantial probability of accuracy.

■ Under Fed.R.Civ.P. rule 43(a) if the evidence would be admissible under the statutes, rules or decisional law of the state in which the court sits, then it *must* be admitted in the federal court. See generally, 2B Barron and Holtzoff, Federal Practice and Procedure, § 962 (Rules ed. 1961), and cases there cited. The state law is binding on the federal court if it favors the competency of the evidence. Lue Chow Kon v. Brownell, 220 F.2d 187 (2 Cir.1955). We think the evidence is competent under the West Virginia law.

■ The Courts of West Virginia have followed since 1893 the common law rule that opinion evidence is not admissible in any case where, by virtue of the subject matter involved, the jury is as capable of forming an opinion on the facts in evidence as is the witness. Overby v. Chesapeake and O. Ry. Co., 37 W.Va. 524, 16 S.E. 813. The rule as there phrased in point 6 of the syllabus by the Court, would exclude the testimony of a lay witness as well as that of an expert where the jury does not stand in need of the opinion of the witness. However, the rule as laid down clearly does not require a court to hold a conclusion of the witness to be incompetent in a case where the jury could benefit by that conclusion. That this latter statement is true is confirmed by the case of Kunst v. City of Grafton, 67 W.Va. 20, 67 S.E. 74, 26 L.R. A.,N.S., 1201 (1910). In point 4 of the syllabus by the Court the rule is stated in the following manner:

> "Though opinion evidence as a general rule is not admissible, still when the facts are such, that it is manifestly impossible to present them to the jury with the same force and clearness as they appeared to the observer, then opinion is admissible as to the conclusions and inferences to be drawn therefrom." (At 75 of 67 S.E.).

The issue there was the cause of plaintiff's slip at an excavation on defendant's lot. The Court held that the conclusions of eyewitnesses to the conditions there prevailing, as to the cause of plaintiff's slip, were competent evidence, and that they were properly admitted at the trial.

The rule laid down in Kunst has been followed in a multitude of West Virginia cases to let in a wide variety of conclusions of fact formed by an eyewitness to the act or transaction in issue. State v. Taft, 144 W.Va. 704, 110 S.E.2d 727 (1959) (Applying the rule in a criminal proceeding) and cases there cited. We do not think that there is any room to doubt that the rule of Kunst v. City of Grafton, supra, is the present law of West Virginia.

After an exhaustive survey of the West Virginia cases we find that there is no case in that jurisdiction applying the rule of the Kunst case to a conclusion of a witness as to conditions of visibility. We do not for a moment doubt, however, that such a conclusion must come within the rule and that when the question arises the West Virginia Court will so hold. There is well-reasoned authority in other states holding that a conclusion of an eyewitness as to what he could or could not see is competent evidence. Kohlhagen v. Cardwell, 93 Or. 610, 184 P. 261 (1919). See generally, 20 Am.Jur. § 803, where the following comment is made:

> "The question frequently arises upon a trial whether certain objects could have been seen, sounds heard, or odors perceived under the circumstances of distance, light or audibility which existed at a certain time. A question of this character calls for an opinion or estimate, since the witness cannot answer it with absolute precision; but it is a matter of common observation and inference * * *. Generally, therefore, an opinion of this character may be given by any person who has had full opportunity for observation, as, for example, how far one could see from a certain position [footnotes omitted] * * *." (At 676–677).

Bigelow's conclusion as to how far he could see is within the scope of this statement. There is no question but that he was within a few feet of the plaintiff at the time the accident occurred and that he fully observed the accident. His answer was restricted to the place of the accident and to the conditions there existing at the time of the accident. Evidence of how far a person could see at that place under those circumstances was absolutely essential to the jury in determining whether defendant had violated the lights statute. Yet it would be impossible for this witness, or any other, to lay before the jury in detail all of his sense impressions, as points of fact, in such a way as to enable the jury to properly form its own opinion. This factor clearly brings this evidence within the rule of the Kunst case. Therefore, this evidence was competent evidence under Fed.R.Civ.P. rule 43, and was properly admitted.

The defendant has contended before us that this evidence was incompetent under West Virginia law. He relies on LaBris v. Western Nat. Ins. Co., 133 W.Va. 731, 59 S.E.2d 236 (1950). That case is not in point here. The issue there was whether the collapse of a building was due to high winds. The court said that the witnesses had no *personal knowledge* of the "controlling concrete facts" and that, therefore, the conclusions of the witnesses were at best, "highly conjectural". Further, the witnesses were not eyewitnesses to the collapse of the building. Therefore, the court invoked the Opinion Rule as laid down in Overby v. Chesapeake and O. Ry. Co., supra. There were no facts there bringing the case within the exception to the Opinion Rule laid down in Kunst, supra, since it was possible for the only eyewitness to adequately reproduce the facts for the jury.

Since the conclusion of the witness, Bigelow, was competent and properly admitted, we think it was clear error for the District Court to strike it out because the witness did not know of the existence of a burning street light near the scene of the accident. This, we believe, goes

to the weight of the testimony and not to the competency of the witness. It is not required that a witness, to be competent, show that he has knowledge of *every* fact surrounding the act or transaction in issue. See Fox v. Order of United Commercial Travelers, 5 Cir., 192 F.2d 844 (1952). The fact that he did not know of the *presence* of a street light *as a physical entity* does not necessarily mean that he did not take into consideration in forming his conclusion *the amount of illumination* shed on the scene by that light. He could well have, and probably did recognize that the scene was illuminated.

The fact that he did not see the street light itself may be some evidence that he was an *unobservant witness* but once he had shown that he had sufficient personal knowledge to support a worthwhile opinion, this goes only to the weight to be given to his testimony. It was, therefore, a matter for the consideration of the jury, and it was error for the trial court to decide this matter

### III.

Plaintiff has here contended that the Court below committed error in finding that the driver of the car in which plaintiff rode was guilty of negligence as a matter of law. Ohio has an "assured clear distance" statute, Ohio R.C. § 4511.-21, which requires that the operator of a motor vehicle upon the public ways of that state not operate the vehicle at a greater rate of speed than will permit him to bring it to a stop within the distance between the vehicle and a discernible object obstructing his line of travel. This statutory provision was the basis of the District Court's finding that the driver of the car was guilty of negligence as a matter of law. However, at no point did the plaintiff object to the Court's finding. For that reason we do not pass on this finding. 4 Cir. Rules, 10(8), 28 U.S.C.A. We recognize the existence of the case of Smiley v. Arrow Spring Bed Company, 138 Ohio St. 81, 33 N.E.2d 3, 133 A.L.R. 960 (1941), but do not decide whether it is broad enough in scope to

encompass the fact situation here. We specifically note, however, that there are no facts in this record that would justify an imputation of the driver's negligence to this plaintiff.

## IV.

 Plaintiff also contended that there was an error in the instructions to the jury on the question of whether or not defendant was liable to plaintiff because of his violation of the parking statute, Ohio R.C. § 4511.69. The specific words in issue in the instructions are: "In other words, if you should find that both the driver of the car and the defendant were guilty of negligence, that the accident would not have happened but for the negligence of the defendant, that the negligence of both concurred to the time of the accident and jointly contributed to it, as proximate causes thereof, then you may find for the plaintiff". The plaintiff made only two objections to the entire charge. The first was to the Court's striking out the issue of defendant's violation of the lights statute. The second objection was to the above quoted language and was made in the following words, "The second objection is that the court gives what I believe is a binding charge on finding for the plaintiff, that is, that the jury must find four separate things to find for the plaintiff * * * but the conclusion is, Your Honor, that if they find these four things then they 'may' find for the plaintiff. I think after that binding charge the language should have been they 'shall' or 'should' find for the plaintiff".

The defendant claims that this objection does not specify as grounds for it that the charge is erroneous or confusing. Therefore, the plaintiff should not be allowed to raise these questions here now. This argument is not well taken.

Rule 51 of the Fed.R.Civ.P. provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection". The plaintiff clearly stated the matter to which she objected. The only question is whether she adequately stated the grounds of her objections. We think she did. The objection could only be made because plaintiff thought the instruction was erroneous. That is the sole basis of any objection to instructions. The objection clearly states that the error is in attempting to give a mandatory instruction but failing to use mandatory language. The effect of this was to confuse the jury. The Court attempted to state the *only* way that the jury could find for the plaintiff. He clearly intended to say that if four things were found by the jury then the verdict would have to be for the plaintiff. However, the omission of the mandatory language and the use of "may" in its place left the jury free to bring in a verdict for the defendant even if it found the four things specified by the judge. We think that this loose use of language could well have misled and confused the jury. There was ample evidence to enable the jury to reasonably find the four elements the Court specified in the instruction. The jury may well have so found, but believed that it could, nevertheless, give verdict for the defendant. Manifestly, if the four elements *were* found by the jury, then it *had* to give verdict for the plaintiff. Therefore, we think that the failure to use the mandatory language may well have misled the jury to plaintiff's prejudice. Because the instruction was misleading and confusing, it was erroneous. The objection gave the judge notice of the source of the error. If the judge had changed "may" to "must" the possibility of confusing and misleading the jury would have been removed and the error would have vanished. The main purpose for requiring an objection under Rule 51 is to enable the trial court to correct the error. We think such opportunity was afforded here.

The judgment is, therefore, reversed for a new trial in conformity with this opinion.

**Reversed.**